JOHN R. WHITAKER *v.* PETER FORBES and others.

In an action of the nature of trespass *quare clausum fregit*, it is not necessary to describe the land entered upon, by metes and bounds.

CIVIL ACTION, for a trespass on a certain lot, tried at the the January (Special) Term of HALIFAX Superior Court, before his Honor, *Cloud, J.*

There was a general demurrer to the complaint, in that, the description of the *locus in quo* was not sufficient. His Honor sustained the demurrer, and gave judgment dismissing the complaint. Plaintiff appealed.

*Conigland* and *Moore & Gatling*, for appellant.
*Batchelor, Edwards & Batchelor*, contra.

BOYDEN, J. This was a civil action alleging a trespass on land, and the allegation in the complaint is in these words: " That about the — day of December, 1870, the defendant at the town of Enfield, in the County of Halifax aforesaid, unlawfully and forcibly entered upon a certain lot of land, the property of the plaintiff, situate in the said town of Enfield, on which lot was a framed house of great value, and did then and there deface, pull down and destroy said house."

To the foregoing complaint the defendants demur and for cause of demurrer, say : " that the said complaint does not sufficiently describe the lot and premises on to which the said trespass and damage was done."

So the sole question in the cause is as to description of the land and premises in an action of trespass. It is not necessary to decide how this would be in an action for the recovery of the land, but we think the authorities are abundant, that the description is all that is required in an action for trespass *quare clausum fregit.*

It is true, that by the rules of pleading in England adopted at Hil. Term, 4 W. 4, in trespass *quare clausum fregit,* the name of the close or abuttals must be stated, or a special demurrer will be sustainable; but those rules have never been in force in our State, having been adopted since our separation from the mother country.

We presume that it was an omission to notice the fact, that these rules were not in force here which misled the defendant in filing a demurrer in this case, as it is clear that previous to the adoption of this rule, it was entirely unnecessary to describe the *locus* by name or abuttals. See 1 Lan. 347, note 1, where it is expresslly said, " that it is sufficient for the plaintiff to allege the trespass to have been done in a ville or parish only, without mentioning any place, for it is not material ; and if the plaintiff does mention a place, the defendant may justify in another place without a

traverse, and the plaintiff must ascertain a place in a new assignment." In Buller's Nisi Prius, page 92, it is said, that, " if in trespass *quare clausum fregit*, a man declare generally in such a ville, the defendant may plead *liberum tenementum*, and if the plaintiff traverse it, it is at his peril; for the defendant, if he have any part of the land in the whole town he shall justify it there, and therefore the better way for the plaintiff is to make a new assignment."

It may here be remarked, that more particularity is necessary is an action of ejectment than in an action *quare clausum fregit;* yet in that action a deed may be taken with no further description than that contained in the levy of a constable on land, as directed by our statute, which requires the constable only to state where the lands are situate, on what water course and whose lands it adjoins.

If in an action *quare clausum* the plaintiff set out the abuttals of his close, he must on the trial prove every part thereof. Buller's Nisi Prius, 98. This makes it hazardous to attempt such description.

It has been the unvarying practice in our State for the last fifty years to declare as in the case before us ; and in such action it has never been deemed necessary to describe the close by name or by the abuttals.

There is error. This will be certified.

PER CURIAM.                          Judgment reversed.