JOHNSON *v.* WILCOX & GIBBS SEWING-MACHINE CO.

(*Circuit Court, S. D. New York.* November 6, 1885.)

PLEADING—MOTION TO MAKE MORE DEFINITE BY SETTING OUT WRITTEN AGREEMENT—DEFECT OF PARTIES.

A motion to compel a plaintiff to make his complaint, which is on its face sufficient, more definite and certain by setting out at length a written agreement referred to therein, will not be granted for the purpose of enabling the defendant to demur to the complaint on the ground that there is a defect of parties.

At Law.

*Stephen A. Walker,* for the motion.

*Stanley, Clarke & Smith,* opposed.

COXE, J. This is a motion to make the complaint more definite and certain. The action is to recover damages for the infringement of a patent. The complaint alleges, in substance, that the plaintiff was the inventor of an improvement in sewing-machines; that upon his request the patent was issued to himself and one Emory; that this

request was in fulfillment of a contract previously made, by the terms of which the plaint.ff agreed to assign to Emory and himself, jointly, the letters patent about to be issued, in consideration of certain sums of money advanced by Emory to facilitate the common enterprise; that subsequently the plaintiff, in his own right, and solely for his own interest, applied for an extension of the patent, which extension was granted for a term of seven years from June 22, 1872; that the plaintiff thereupon became the sole and exclusive owner of said extended term, and is therefore entitled to maintain an action for the infringements of the defendant, which are alleged to have occurred between June 22, 1872, and July 13, 1874.

That the complaint states a good cause of action is not denied; but it is urged that if the plaintiff is now compelled to set out *in hæc verba* the agreements between himself and Emory, it will appear that he cannot maintain the action alone, and the complaint will be held bad on demurrer. The purpose of the motion is frankly admitted in the defendant's brief, as follows:

"The only object of the present motion is to have record evidence, which is really in the possession of both parties, which would be clear and explicit, set forth in due form, and not by any language which is capable of misinterpretation. * * * If these contracts conveyed the 'improvement,' Emory would be held, on demurrer, to be a necessary party to this action."

Unquestionably it would be for the advantage of both parties, if there is a question of this kind, to have it settled *in limine*; but when the court is asked to compel the plaintiff to draw his complaint so that it will be demurrable, a very different proposition is presented. The plaintiff sues upon the alleged extension of the patent to him alone; the contracts with Emory are no part of his cause of action proper. It may be necessary to offer them in evidence upon the trial; but it is seriously doubted whether it is good pleading to set out such instruments at length. Equity rule No. 26; *Brown* v. *Champlin*, 66 N. Y. 214. The complaint is not indefinite and uncertain. Its meaning is apparent. It states a cause of action in language clear and explicit.

It follows, therefore, that the motion must be denied, with leave to the defendant to answer or demur within 20 days.