ALICE L. WHITE, admx., v. SOUTHERN RAILWAY COMPANY.

(Filed 11 December, 1907).

**Removal of Causes—Joint Tort Feasors—Pleadings—Plaintiff's Election.**

When the plaintiff elects to sue two or more joint tort feasors jointly, he has the right to have the case tried for a joint tort, and a separable controversy is not presented, within the meaning of the Federal removal act.

CIVIL ACTION, heard on petition and motion to remove the cause to the Federal Court, by *Cooke, J.,* at April Term, 1907, of the Superior Court of BUNCOMBE County.

The plaintiff brings this action and alleges that her intestate was killed by the negligence of the defendant Southern Railway Company and its codefendants, D. H. Biddix and S. E. Berry; that it was the duty of the defendant Southern Railway Company to keep its track and right of way in reasonably safe condition, by the exercise of proper care, and this it failed to do, and that, by reason thereof, the plaintiff's intestate, who was at the time of his death in the employ of the defendant as flagman, and in the careful discharge of his duties on one of the passenger trains of the defendant railway company, was struck by a "post or pole," commonly called a "tunnel warner," which was standing at the west end of Point Tunnel, near the town of Old Fort, and which, by the negligence of the defendants, had been placed too near the track, so that it was dangerous to the plaintiff's intestate and

other employees of the said company while in the proper performance of their duties; that the defendants D. H. Biddix and S. E. Berry were section masters, in the employ of the defendant railroad company, and had charge, at the time of the intestate's death, of the section within which the said pole was placed, and they were, as such section masters, charged with the duty of placing and keeping the pole in proper position, which duty they neglected. It is charged that the joint negligence of the defendants caused the intestate's death.

The defendant Southern Railway Company filed a petition for the removal of the case into the Circuit Court of the United States for the Western District of North Carolina, and filed a sufficient bond for that purpose. The petitioner, after making the formal allegation as to diverse citizenship as between it and the plaintiff, alleges that the defendants D. H. Biddix and S. E. Berry were improperly joined as defendants, as they are not necessary or proper parties to the action; that it is perfectly solvent and fully able to pay any judgment recovered in the action, and that its codefendants were wrongfully and unlawfully joined with it as defendants, for the fraudulent purpose of preventing a removal of the cause by it to the Federal Court; and it further alleges that, even if its codefendants are necessary or proper parties, there is a separable controversy as between the plaintiff and the petitioner, which entitles it to the removal. No answer was filed. It appears that the petition for a removal of the case to the Federal Court was filed before the complaint. The court, upon the complaint and petition, ordered the cause to be removed into the Circuit Court of the United States. The plaintiff excepted and appealed.

*Frank Carter* and *H. C. Chedester* for plaintiff.
*Moore & Rollins* for defendants.

WALKER, J., after stating the case: This case is governed by the principles stated in *Hough v. Railway,* 144 N. C., 692.

WHITE *v.* RAILROAD.

The only difference between the two cases is to be found in the fact that the complaint in this case states with clearness and precision a cause of action against the defendants for a joint tort, and specifically alleges in what the negligence which caused the death of the intestate consists. A plaintiff, as we decided in that case, may sue tort feasors jointly or severally, at his election, and if he elects to sue them jointly, he has the right to have the case tried as for a joint tort, and no separable controversy is presented within the meaning of the removal act. In *Pirie v. Tvedt,* 115 U. S., 41, the Court said: "There is here, according to the complaint, but a single cause of action, and that is the alleged malicious prosecution of the plaintiffs by all the defendants, acting in concert. The cause of action is several as well as joint, and the plaintiffs might have sued each defendant separately or all jointly. It was for the plaintiffs to elect which course to pursue. They did elect to proceed against all jointly, and to this the defendants are not permitted to object. The fact that a judgment in the action may be rendered against a part of the defendants only does not divide a joint action in tort into separate parts any more than it does a joint action on contract." The cases sustaining this view are all cited in *Hough v. Railway, supra,* and it is not necessary to prolong the discussion of the question. The order of his Honor was made on 24 April, 1907, and the decision in *Hough v. Railway* was not published until 27 May, 1907. The court did not, therefore, have that case before it when the order in this case was made. We then decided that a case of joint tort was not removable.

Reversed.