WINDER C. WOMACK v. A. G. CARTER, ADMINISTRATOR.

(Filed 23 October, 1912.)

1. Pleadings — Several Statements—Same Course — Contracts — Money Had and Received—Contracts—Torts—Waiver.

The complaint in an action to recover a certain sum of money alleged (*a*) it was due by reason of· defendant's taking possession of his lands, leasing and collecting the rents to plaintiff's use in the stated sum, which had not been paid, but held by defendant for his use; (*b*) that the said lands were leased by the defendant, the rents collected by him in the said amount, which were payable to plaintiff, but which were paid to defendant and collected by him and wrongfully converted by him to his own use; (*c*) that defendant wrongfully took possession of the land by his tenants and withheld the same, a reasonable rental being in the said sum: *Held*, the complaint stated a cause of action in three several ways, the rents sought to be recovered arising from the same transaction, there being no difference whether the rents were received under a contract of lease between plaintiff and defendant or under defendant's wrongful entry and his receiving its rental value; and under the last allegation the plaintiff could waive the tort and recover in contract for money had and received to his use.

2. Pleadings — Several Statements—Same Cause—Judgments—Demurrer.

When the complaint in an action to recover rent alleges, in the three several ways, that a certain amount was due the plaintiff, denominating them as several causes of action, so that it clearly appears, beyond any doubt, that the amount specified in each so-called cause of action was for the same rent, and the plaintiff is entitled to recover on two of his "causes of action," or counts, defendant's demurrer to those causes alone is bad.

3. Pleadings—Action for Rents—Lands—Description—Definiteness —Motions—Demurrer.

In an action to recover rents for plaintiff's lands alleged to have been wrongfully in defendant's possession and collected by the defendant from his lessees, it is not necessary that the lands be described with the particularity required when title is in dispute, or as in an action of trespass, and if the defendant had been uncertain of the nature of the charge against him, he should have moved the court, in its discretion, for a more definite and certain statement of the cause of action (Revisal, sec.

496), which would probably be granted, if made in good faith. The description of the lands as belonging to plaintiff, in a certain county, which defendant took into his possession at a specified time, *Held*, sufficient.

4. Pleadings — Cause of Action — Interpretation — Sufficient as a Whole—Demurrer.

When a cause of action is stated in three several ways, which taken together are sufficient, a demurrer against one of these statements is bad, though taken alone it is insufficient; for a complaint cannot be thus overthrown unless it is wholly insufficient, or fatally defective as a whole.

5. Appeal and Error—Pleadings—Definiteness—Motion—Demurrer —Amendments—Discretion of Court—Practice.

On this appeal from a judgment sustaining a demurrer to the complaint, it being held that the defendant's remedy was by motion to make the complaint more definite, the judgment of the Superior Court is reversed without prejudice to the right of the plaintiff to plead *de novo*, or of the defendant to move for a more definite statement of a cause of action, if so advised, both matters to be addressed to the discretion of the lower court.

APPEAL by plaintiff from *Peebles, J.,* at July Term, 1912, of LEE.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

*Hoyle & Hoyle and J. W. Ruark for plaintiff.*
*McIver & Williams for defendant.*

WALKER, J. Plaintiff brought this action to recover the sum of $1,140, and in his complaint he states his cause of action in three different ways: (1) That defendant's testator took possession of certain land situated in Sanford Township, Moore County (now Lee County), the property of the plaintiff, leased the same to tenants and collected the rents for the use of the plaintiffs, to the amount of $1,140. That said amount has never been paid to plaintiffs, but is now held by defendant for their use. In the next count, if it may be so called, it is alleged, in substantially the same words, that the land of plaintiffs was leased by defendant's testator to tenants, and the rents collected by him, the only difference between the two counts, if there be a difference, being that it is alleged in the second count that the

said real estate belonged to plaintiffs and the rents were payable to them, but instead of paying them to plaintiffs, the defendant's testator collected the same to the amount of $1,140 and wrongfully converted them to his own use. The third count alleges, in substance, that defendant's testator wrongfully took possession of the land by his tenants, and unlawfully withheld the same from plaintiffs, a reasonable rental for the land being $1,140.

The defendant demurred upon the ground that while the complaint alleges a wrongful possession of the land by defendant's testator, and demands the rents and damages, it does not describe the premises with sufficient certainty, so that they may be identified by the defendant and he may intelligently answer the complaint.

Plaintiff moved for judgment on what he calls the first and second causes of action. This motion was denied, and properly so, as the complaint states but one cause of action in three several ways. It is all one and the same transaction, and plaintiff seeks, in the end, to recover $1,140, which was received by the defendant, as rent, for his lands. *Simpson v. Lumber Co.,* 133 N. C., 95. Whether it was received under a contract of lease between plaintiffs and defendant's testator, or whether the testator entered upon the land wrongfully and received its rental value, can make no difference. Plaintiffs would be entitled to recover the $1,140 in either view—in the last, because they could waive the tort and recover in contract for money had and received. For the same reason the court should not have sustained the demurrer, as it did. In the first place, the entire complaint showed clearly and beyond any possibility of doubt, and defendant could surely not have been misled thereby, that plaintiffs were seeking to recover the rental value of their land, which had been collected from his tenants by defendant's testator.

But the demurrer is based upon the specific ground that the land is not sufficiently described, and is bad if there is a sufficient description, even if that kind of objection can be taken by demurrer. The land is described as belonging to plaintiffs, and situated in Sanford Township, Lee County, and the same

which defendant's testator took into his possession and leased to tenants, and for which he collected the rents in the month of May, 1910. This would seem to be sufficiently definite in an action of this nature. In *Whitaker v. Forbes,* 68 N. C., 228, it was alleged that the defendant unlawfully and forcibly entered upon a tract of land in Enfield, Halifax County, the property of plaintiff, and did then and there pull down and destroy a frame house of great value, for which damages for the tort were prayed. Defendant demurred upon the ground "that the complaint does not sufficiently describe the lot and premises on which the trespass were done." With reference to the ruling by which the demurrer was sustained, this Court, by *Justice Boyden,* said: "The sole question in the cause is as to description of the land and premises in an action of trespass. It is not necessary to decide how this would be in an action for the recovery of the land, but we think the authorities are abundant that the description is all that is required in an action for trespass *quare clausum fregit.* It is true that by the rules of pleading in England adopted at Hil. Term, 4 W. IV., in trespass *quare clausum fregit* the name of the close or abuttals must be stated, or a special demurrer will be sustainable; but those rules have never been in force in our State, having been adopted since our separation from the mother country. We presume that it was an omission to notice the fact that these rules were not in force here, which misled the defendant in filing a demurrer in this case, as it is clear that previous to the adoption of this rule it was entirely unnecessary to describe the *locus* by name or abuttals. See 1 Lan., 347, note 1, where it is expressly said 'that.it is sufficient for the plaintiff to allege the trespass to have been done in a ville or parish only, without mentioning any place, for it is not material; and if the plaintiff does mention a place, the defendant may justify in another place without a traverse, and the plaintiff must ascertain a place in a new assignment.' In Buller's Nisi Prius, page 92, it is said that, 'if in trespass *quare clausum fregit* a man declare generally in such a ville, the defendant may plead *liberum tenementum,* and if the plaintiff traverse it, it is at his peril; for the defendant, if he have any part of the land in the whole town, he

shall justify it there; and therefore the better way for the plaintiff is to make a new assignment.' . . . If in an action *quare clausum* the plaintiff set out the abuttals of his close, he must on the trial prove every part thereof. Buller's Nisi Prius, 98. This makes it hazardous to attempt such description. It has been the unvarying practice in our State for the last fifty years to declare as in the case before us, and in such action it has never been deemed necessary to describe the close by name or by the abuttals."

We do not think the defendant could well be misled to his prejudice by the description; but if he was uncertain as to the nature of the particular charge against him, he should have moved the court for a more definite and certain statement of the cause of action, under Revisal, sec. 496. *Allen v. R. R.,* 120 N. C., 550. The court no doubt would have granted the application, if made in good faith.

Again: The demurrer was evidently directed against the last statement in the complaint, which we may, for the sake of argument, call a count, and the court erred in sustaining the demurrer as to that detached portion, as upon the whole complaint it could be seen that a sufficient cause of action was alleged.

A complaint cannot be overthrown by a demurrer unless it is wholly insufficient. It must be fatally defective before it will be rejected as bad. *Blackmore v. Winders,* 144 N. C., 216, and cases cited; *Bank v. Duffie,* 156 N. C., 87; 4 Enc. of Pl. and Pr., 74. Plaintiffs have stated a good cause of action for money had and received to their use (27 Cyc., 878); and also for its conversion. *Paazlow v. Estate Co.,* 104 N. C., 439; *Womble v. Leach,* 83 N. C., 86.

The demurrer should have been overruled. If defendant, when the case goes back, still entertains, in good faith, a doubt as to what land is meant, the court may require a more specific description for his enlightenment. We do not know but that the court should be liberal in requiring more definite statement in a pleading, where the application for a better one is made, not vexatiously, but for the sake of being better informed as to the exact nature of the allegation, so that the party who seeks

more light may the better answer the charge. This motion, of course, is addressed to the discretion of the court. *Allen v. R. R.,* 120 N. C., 548; *Smith v. Summerfield,* 108 N. C., 284; *Conley v. R. R.,* 109 N. C., 692.

Without expressly commending or approving the form in which plaintiff has stated his cause of action in the complaint, good though it may be, we are of the opinion that the defendant's remedy, if he had any just ground to ask for a better pleading, was by motion, and not by demurrer.

The case is remanded in order that the parties may proceed as they may be advised. We reverse the judgment sustaining the demurrer, but without prejudice to the right of plaintiff to plead *de novo,* if so minded, or of defendant to move for a more definite statement of the cause of action, even if it lacks in certainty or fullness. We leave the matter of amendment to the discretion of the judge.

Reversed.