MARCUS TYLER v. HILTON LUMBER COMPANY ET AL.

(Filed 18 March, 1914.)

**Actions—Joint Tort Feasors—Pleadings—Surplusage.**

Several defendants may be jointly sued for damages for the same tort arising from one and the same transaction, and where such a cause of action is sufficiently stated, and the complaint further alleges the same tort as to each of the defendants, separately, these further counts will be treated as surplusage. The effect of judgments obtained against joint tort feasors in separate actions discussed by WALKER, J.

APPEAL by defendants from *Whedbee, J.,* at the January Term, 1914, of DUPLIN.

Action for personal injuries caused by the negligence of defendants. Plaintiff sued both defendants, Hilton Lumber Company and Hilton Railroad and Logging Company, alleging that he was severely injured by the careless handling of logs by the servants of defendants, while loading one of their log cars, by the use of a skidder. There are three counts in the complaint: one against the defendants jointly, as "owners and operators of the railway"; the second against the Hilton Lumber Company alone for the same tort, and the third against the other company for the same tort, and the language of each count describing the tort is substantially identical. Defendants demurred upon the ground of a misjoinder both of parties and causes of action. The demurrer was overruled, and the defendants appealed.

*No counsel for plaintiff.*
*E. K. Bryan and H. D. Williams for defendants.*

WALKER, J., after stating the case: The case is a simple one. If we keep steadily in mind the fact that each count refers to the same tort, arising out of one and the same transaction, the case is relieved of any possible difficulty. This makes it appear clearly that there is no joinder of different causes of action against different defendants, but the statement of the same cause of action in different forms against the same defendants. There was no necessity for declaring upon the second and third counts, as the entire controversy can be settled upon the first. The last two counts, therefore, are superfluous, and may be disregarded, as "the persons injured by joint tort feasors may sue and recover against all, any number, or only one of them. The liability is joint and several. Indeed, he may bring different forms of action against different participants—trespass against one, trover against another, and so on. The law does not recognize degrees of culpability between wrongdoers, and will not apportion compensatory damages between them. They are alike guilty and alike responsible." Hale on Torts, p. 123. The

principle was tersely stated in *White v. Preston,* 15 S. W., 712, where it is said, "that any number of joint-feasors may be joined in the same action for the same tort, but for different torts committed by different tort feasors separate actions must be brought." *Lord Kenyon* thought, in *Mitchell v. Tarbutt,* 5 Term (Durnf. and East), 649, that it was settled upon authority, and especially in *Boson v. Sandford,* Skin., 278, Salk., 440, that a plaintiff, where the cause of action is *ex delicto,* may sue all or any of the parties, upon each of whom individually a separate trespass attaches, and it was immaterial whether the tort was committed by the defendant or his servant, under the rule *qui facit per alium, facit per se,* as the act of the agent is imputed to his principal. The same rule was applied to a statutory penalty which, though in form *ex contractu,* is founded in fact upon a tort. The liability is joint and several, and judgment may be entered against all of the defendants, or only against some, and in favor of others as to whom the proof has failed. *Chaffee v. U. S.,* 85 U. S. (18 Wallace), 516; L. Ed., 908. See also *S. M. Telephone Co. v. Buchanan,* 62 S. E., 928, and *Pirie v. Tvedt,* 115 U. S., 41, cited in *White v. R. R.,* 146 N. C., 340. So in our case, under the first cause of action, which is stated against the defendants jointly, the plaintiff may recover accordingly, or he may have judgment against only one of them. A joint judgment will enable him to proceed under his execution against both or either one, as he may elect, but he can have only one satisfaction. When there are two separate suits for the same trespass or wrong, and judgment recovered in each, plaintiff may elect, as it is said, *de melioribus damnis,* that is, he may choose, as between the judgments, to take the larger one, or to pursue the solvent party; but when either is satisfied, it discharges all, except, perhaps, as to costs. Hale on Torts, 192, 193, 194, where the subject is fully discussed and the difference between the old and the new rule stated. *Knickerbocker v. Culver,* 8 Cowen (N. Y.), 111.

It will be seen from this consideration of the law, as shown by the better authorities, that the plaintiff can have all the relief he seeks under his first cause, and by adding the second

and third counts he has merely stated separately, and by repetition, the several liability of the defendants, which, as the law views it, he had already stated in the first count, as the first embraced fully the other two. There is no misjoinder of different causes, as there is but one cause in the first count, which includes the others, and those, on the trial, may well be disregarded as surplusage. We can see from the entire scope of the complaint that but one cause of action was intended to be alleged, and that is one for the joint and several tort of the defendants, who are alleged to be owners of the railway. We must give the pleading a liberal construction with a view to a trial upon the merits and the awarding of substantial justice, unimpeded by mere technicalities. *Womack v. Carter,* 160 N. C., 286. The real issue is, Was the plaintiff injured by the negligence of the defendants, either or both of them, as alleged in the complaint? If the case is so tried, there is no danger that defendants will be vexed by a multiplicity of suits or subjected to unnecessary costs.

There was no misjoinder of different causes of action, or of different parties, and the court was right in overruling the demurrer.

Affirmed.