## LISTON v. NAIL et al.

No. 8408—Opinion Filed April 10, 1917.

(164 Pac. 467.)

(Syllabus by the Court.)

**Pleading—Amendment—Statute.**

Rev. Laws 1910, sec. 4770, authorizing the court to require a petition, so indefinite that the precise nature of the charge is not apparent, to be amended, only applies to a petition which states a good cause of action and to defects on its face and not to matters omitted which would give the opposite party an opportunity to demur.

Error from Superior Court, Tulsa County; M. A. Breckinridge, Judge.

Suit by G. M. Liston against James Nail and others. Judgment for defendants dismissing the suit, and plaintiff brings error. Reversed and remanded, with directions to set aside the order, and reinstate the case with leave to defendants to plead.

Charles L. Fildes, for plaintiff in error.

Randolph, Haver & Shirk, for defendants in error.

TURNER, J. On November 19, 1915, in the superior court of Tulsa county, plaintiff in error, G. M. Liston, sued James Nail, Tate Brady, Geo. G. Bayne, G. N. Wright. J. O. Campbell, E. A. Ross, R. C. Brady, M. A. Devinna, Jr., E. M. Wright, and Brady-Wright Addition Company, a corporation, for the specific performance of a contract in writing growing out of the conveyance of certain lands situated in said county. The petition substantially states that: On July 1, 1907, defendant James Nail was "then and there seized and possessed of" a certain tract of land described; that he entered into a contract with said defendant whereby he promised and agreed to sell and in ten days convey by warranty deed said lands to him for $3,500—the said James Nail acknowledging receipt of $100 as part payment of the purchase price, as shown by contract attached to the petition as a part thereof; that pending the execution of said deed, on August 9, 1907, defendant Geo. G. Bayne fraudulently induced said James Nail to execute a deed to said lands to him for the consideration named in the contract between plaintiff and Nail; that on April 25, 1908, defendant G. N. Wright, with full knowledge of the fraud and the existence of the contract between plaintiff and Nail, entered into a contract with Bayne to purchase said lands from him; that prior to the execution of said contract of conveyance by Bayne to Wright, defendants Wright and Tate Brady, then and there acting as the agent for his wife, R. C. Brady, and each acting as the agent of defendant Devinna, promised and agreed with plaintiff that they would divide equally with him any and all profits that might thereafter accrue from the sale of said premises, in consideration that plaintiff would refrain from any effort in the courts or otherwise to enforce his contract of sale with Nail; that plaintiff has faithfully kept such agreement; that defendants G. N. Wright and wife, E. M. Wright, Tate Brady and wife, R. C. Brady, and Devinna, conspiring with each other to defraud plaintiff out of his share of the profits in the subsequent sales of said premises, induced defendants Bayne to execute on September 1. 1909, a deed to defendants Campbell and A. E. Ross, who, on March 10, 1910, transferred said premises to defendants R. C. Brady and G. N. Wright and M. A. Devinna; that said defendants then proceeded to organize a corporation and placed said premises, after same had been platted into lots and blocks and named Irving Place addition, on sale, and are selling and offering the same for sale; that they have made no division of profits out of said sales as agreed, etc. Plaintiff prayed for a specific performance of his contract with Nail; or, in the alternative, for an accounting; that defendants be restrained from offering for sale any part of said premises; that a receiver be appointed to take charge of said premises, and for general relief. A motion to make the petition more definite and certain was sustained, whereupon plaintiff was required "to state in his petition whether the defendant James Nail was on July 1, 1907, a citizen by blood of the Creek Nation of Indians, and whether the land described in the plaintiff's petition was a portion of the allotment of the said James Nail." To which plaintiff excepted, and, after electing to stand on his petition, defendants moved to dismiss the case, which was done; whereupon plaintiff brings the case here, and, in effect, assigns that the court abused its discretion in sustaining the motion.

And such was an abuse of discretion. Rev. Laws 1910, sec. 4770, provides that it is only "when the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment." There is no such claim here. Neither is it contended that the petition fails to state facts sufficient to constitute a cause of action. On the face of the petition the precise nature of the charges, in effect, is that plaintiff has a contract for the conveyance of land which he is entitled to have one of the defendants specifically perform, because, he says, the same was executed for a valuable consideration while that defendant was the owner and in possession of the land, The further charge is that, after the contract was made, but before the deed was executed, another defendant, by fraud, procured a deed to the land from the defendant named, and that it has come into the hands of certain other of the parties defendant by fraudulent mesne conveyances, who were disposing of it. The further charge is that he has been induced not to insist on his rights to a specific performance of his contract under promise of a share in the proceeds of the sale, which, he says, has not been performed, and insists on as alternative relief in the event he is not entitled to a specific performance. There can be no question that the allegations are sufficiently definite and certain to make appear on the face of the petition the precise nature of the charge. When such is the state of the pleading, the motion will not lie. 31 Cyc. 645, says, apparent from a casual reading of the statute, that "the motion will lie only when the uncertainty and indefiniteness appears on the face of the pleading, and even then,"

says the same authority, "the granting of the motion lies in the discretion of the court." No further citation of authority is necessary to support a point so clear, but see Bowers et al. v. Schuler, 54 Minn. 99, 55 N. W. 817; Todd v. Minneapolis & St. L. R. Co., 37 Minn. 358, 35 N. W. 5; Lee v. Minneapolis & St. L. R. Co., 34 Minn. 225, 25 N. W. 399; Johnson v. Wilcox, etc., Co. (C. C.) 25 Fed. 373; Womack v. Carter, 160 N. C. 286, 75 S. E. 1102; Hensley v. Furniture Co., 164 N. C. 148, 80 S. E. 154; Brown v. So. Michigan R. Co., 6 Abb. Prac. (N. Y.) 237; Multnomah County v. Williamette T. Co., 49 Or. 204, 89 Pac. 289.

But along came the court and sustained the motion, and required plaintiff not to make anything he had alleged more definite and certain, but to make certain additional allegations which, when made, would afford defendants an opportunity to demur. For, had plaintiff amended his petition, as required by the court, so as to show that the defendant Nail, on the date of the contract sought to be specifically performed, was a citizen by blood of the Creek Nation, and that the land in controversy was part of his allotment, it seems to have been defendants' intention to demur thereto on the ground that it disclosed the land to be restricted at that time and inalienable in the hands of the allottee.

In Johnson v. Wilcox, etc., Co., supra, the court said, as here, that the complaint was not indefinite and uncertain, that its meaning was apparent, and that it stated a cause of action in language clear and explicit. Accordingly, the court overruled a motion to make more definite and certain which would require the complainant to set out a contract which would render the complaint demurrable for want of parties. In passing, the court said:

"Unquestionably it would be for the advantage of both parties, if there is a question of this kind, to have it settled in limine; but when the court is asked to compel the plaintiff to draw his complaint so that it will be demurrable, a very different proposition is presented."

In Multnomah v. Willamette T. Co., supra, the court said:

"Where the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made more definite by amendment (sec. 86, B. & C. Comp.); but this remedy is only applicable when the pleading contains a defective or vague statement of a good cause of action or defense, and is designed to cure such defects as appear upon the face of the pleading itself. It is not the province of the court on such a motion to require the pleader to state the evidence upon which he relies or amend his pleading for the purpose of enabling his adversary to demur. 6 Enc. Pl. & Pr. 275; Johnson v. Wilcox Sewing Machine Co. (C. C.) 25 Fed 373. The motion here was not directed against vague or uncertain allegations of a pleading, but was to require the defendants to insert therein new and independent allegations prepared and framed by their adversary, and we know of no rule of law authorizing or sanctioning such a practice."

The practice was not only unauthorized, but the court abused its discretion in sustaining the motion and requiring plaintiff to amend as he did.

In Hensley v. Furniture Co., supra, plaintiff sued the company in damages for personal injuries alleged to have been caused by its negligence. It seems the complaint, in effect, alleged that the injury for which plaintiff sued was covered by a policy of insurance issued to defendant by the Maryland Casualty Company, which was set up, and for that reason the casualty company was also made a party defendant. Thereafter came the company, and in effect denied liability, and moved the court to require plaintiff to make his petition more definite and certain, and set forth, as the only contract of insurance existing between defendants, a certain policy which it made an exhibit to its affidavit; and the court required the amendment to be made, and plaintiff excepted and appealed. Had the amendment been made as directed, the casualty company would have escaped liability under the terms of the policy pleaded. In holding that the court abused its discretion in sustaining the motion to require the amendment, the court said:

"Judicial discretion, said Coke, is never exercised to give effect to the mere will of the judge, but to the will of the law. The judge's proper function, when using it, is to discern according to law what is just in the premises. 'Discernere per legem quid sit justum.' Osborn v. Bank, 9 Wheat. 738 [6 L. Ed. 204]. When applied to a court of justice, said Lord Mansfield, discretion means sound discretion guided by law. It must be governed by rule, not by humor; it must not be arbitrary, vague, and fanciful, but legal and regular. 4 Burrows, 2539. While the necessity for exercising this discretion, in any given case, is not to be determined by the mere inclination of the judge, but by a sound and enlightened judgment, in an effort to attain the end of all law, namely, the doing of even and exact justice, we will yet not supervise it, except perhaps, in extreme circumstances not at all likely to arise; and it is therefore practically unlimited. We do

not interfere unless the discretion is abused. Jarrett v. Trunk Co., 142 N. C. 466 [55 S. E. 338]. * * * But in this case the learned judge, intending doubtless to enforce what appeared to him to be the legal rights of the defendant, went too far, and required the plaintiff to do something not within his power to require, and thereby transcended the limit of his jurisdiction"

—and vacated the action of the court complained of.

The cause is accordingly reversed and remanded, with directions to set aside the order complained of, and reinstate the case, with leave to defendants to plead.

All the Justices concur.