MOORE v. CONTINENTAL GIN CO.

No. 9033—Opinion Filed June 25, 1918.

(173 Pac. 809.).

**Pleading—Judgment on the Pleadings.**

In an action upon promissory notes and the foreclosure of a mortgage given in security thereof, where the defendant pleads payment and is in default of an order to make his answer more definite and certain, it is error for the trial court to sustain a motion for a judgment upon the pleadings.

(Syllabus by Springer, C.)

Error from District Court, McIntosh County; R. W. Higgins, Judge.

Suit by the Continental Gin Company against T. E. Moore. Plaintiff's motion for judgment on the pleadings sustained. Motion for new trial overruled, and case brought up by case-made and petition in error. Reversed and remanded, with instructions to sustain the motion for a new trial.

E. J. Van Court, for plaintiff in error.

Reynolds & Williams, for defendant in error.

Opinion by SPRINGER, C. In this opinion the plaintiff in error will be referred to as "defendant," and the defendant in error will be referred to as the "company."

The company brought suit against the defendant to recover against him a personal judgment for the sum of $606.25, which it claimed to be due as evidenced by certain promissory notes, and also for the foreclosure of a chattel mortgage given as security of the notes. The defendant filed an answer containing two counts, the first of which is a general denial, and the second is a plea of payment of the indebtedness mentioned in the petition except the sum of $300, which amount was duly tendered into court by the answer. The company filed a motion to require the defendant to make his answer more definite and certain by stating the amounts which he claimed to have been paid, and the time when payments were made. Upon the presentation of the motion, the court made the following order:

"Now on this 5th day of July, 1916, the same being one of the regular days of the March, 1916, term of the district court of McIntosh county, Okla., this cause comes on to be heard in its regular order upon the motion of plaintiff to require the defendant to make his answer more definite and certain by stating the amounts which he claims to have paid to the plaintiff on the notes sued upon and the respective dates when such payments were made, and the plaintiff appearing by its attorneys, Mosier, Greenslade & Reynolds, and the defendant appearing by his attorney, E. J. Van Court, and the court, after hearing argument in the matter and being fully advised in the premises, finds that said motion should be, and the same is hereby, sustained.

"It is therefore considered, ordered, and adjudged that said defendant be, and he is hereby, ordered to make his answer more definite and certain by setting up all payments which he claims to have made upon the notes sued upon, and the dates when such payments were made, within 20 days from this date or be adjudged in default."

The defendant having neglected to make his petition more definite and certain within the time and according to the order of the court, the company filed a motion for judgment on the pleadings, which is as follows:

"Comes now the plaintiff and moves the court to render judgment on the pleadings, and in support thereof shows that on the 5th day of July, 1916, the above-entitled cause coming on for hearing on motion of plaintiff to require the defendant to make his answer more definite and certain, and which said motion was by the court sustained and the defendant given 20 days within which to amend, and the plaintiff further shows to this court that, though a period of more than four months has elapsed since said order was made, the defendant has wholly failed, refused, and neglected to comply with said order, and should be adjudged in default and judgment rendered in accordance with the prayer contained in the plaintiff's amended petition.'"

Upon the presentation of this motion to the court, the same was sustained, and without the case having been set down for trial, and without any notice whatever having been given the defendant, and in the face

of the plea of payment, the court rendered judgment for the full amount· claimed in the petition and ordered the mortgage foreclosed. A motion for a new trial was duly presented and overruled, and the case brought here by case-made and petition in error.

It is now alleged that the court erred in sustaining the motion requiring the plaintiff to make his answer more definite and certain in the particulars required, and further that the court erred in rendering judgment in favor of the plaintiff without the case having been set down for trial and without any notice whatever having been given the defendant, and in the face of his plea of payment.

With the contention of ˙the plaintiff we are in full sympathy and accord. If trial courts would observe our statute with reference to pleadings, fewer cases of this kind would draw upon the time of this court.

Section 4745, Rev. Laws 1910, provides:

"The answer shall contain: First. A general or specific denial of each material ˙allegation of the petition controverted by the defendant. Second. A statement of any new matter constituting a defense, counterclaim or set-off, or a right to relief concerning the subject of the action, in ordinary and concise language, and without repetition. Third. When relief is sought, the nature of the relief to which the defendant supposes himself entitled. The defendant may set forth, in his answer, as many grounds of defense, counterclaim, set-off, and for relief, as he may have, whether ˙they be such as have ˙been heretofore denominated legal, or equitable, or both. Each must be separately stated and numbered, and they must refer, in an intelligible manner, to the causes of action which they are intended to answer."

According to ˙the terms of our statute, an answer containing a statement of any new matter constituting a defense, counterclaim, or set-off, or a ˙right to relief concerning the subject of the action in ordinary and concise language, is all that can be required.

The facts set forth in the answer, "Defendant denies that he is indebted to said plaintiff in said sum of $606.25, and avers that he has paid said plaintiff all ˙of said notes and indebtedness mentioned in said petition except the sum of $300, which said sum defendant herewith tenders into court," pleads affirmative facts, and is sufficient to admit evidence of payment and is good as against a demurrer.

Section 4770, Rev. Laws 1910, authorizing the court to require a party where the allegations of the pleading are so indefinite and uncertain that the precise nature of the charge or defenses is not apparent, does not clothe the court with authority to require a party to plead his evidence. The plea of payment contained in the answer was positive, direct, and certain, and it is only where the allegations of a pleading are so indefinite and uncertain that the precise nature of the cause of action or of the defense is not apparent from the allegations themselves, that the court is authorized to require the party to make his petition or answer more definite and certain. Liston v. Nail et al., 63 Okla. 212, 164 Pac. 467; Bowers·et al. v. Schuler, 54 Minn. 99, 55 N. W. 817; Johnson v. Wilcox & Co. (C. C.) 25 Fed. 373; Womack v. Carter, 160 N. C. 286, 73 S. E. 1102. That ˙the plea of payment was sufficiently stated there can be no doubt.

"The plea need not allege the amount paid, nor the place of payment, nor state by whom the payment was made. So it need not allege the exact date of payment, although it must state to constitute a bar to the action that the payment was ˙before commencement of the action." 30 Cyc. 1255.

"Under a simple allegation of payment, evidence of any facts which'amount to actual payment by the person alleged to have made it is admissible. In a plea of payment, it is sufficient to allege payment generally, without stating the amount paid, the date of payment, or the person to whom made." Sutherland on Code Plead. & Prac. § 529.

Thus it will be seen the answer in this case stated a perfect defense, and yet, notwithstanding that fact, the court on motion, and without the introduction of any evidence whatever, and without any proceedings of any kind or nature except the bare presentation of a motion for judgment on ˙the pleadings, sustained the same and rendered judgment in favor of the company. This the court was without authority to do.˙ After pleadings have been filed stating a cause of action and a defense and issues are thus joined, the case must be set down regularly for trial, and both parties must be notified of that fact, and be given an opportunity to appear and be heard.

Section 4779, Rev. Laws 1910, in part provides:

"Every material allegation of the petition, not controverted by the answer, and every material allegation of new matter in the answer, not controverted by the reply, shall, for the purposes of the action, be taken as true. * * *"

The plea of payment contained in the answer was not denied ˙by reply, and therefore stood ˙before ˙the court as true at the time judgment was rendered.

Where there is an answer on file stating a

defense, it is error for the trial court to render judgment merely because the defendant is in default of an order to make his answer more definite and certain. In such case the proper procedure is by motion to strike the answer.

For reasons stated, the cause is reversed and remanded, with instructions to sustain the motion for a new trial.

By the Court: It is so ordered.