## ELK CITY STATE BANK OF ELK CITY v. DAVIS et al.

No. 16415—Opinion Filed July 27, 1926.

**1. Appeal and Error—Discretion of Trial Court—Rulings on Pleadings.**

A motion to make more definite and certain is addressed to the sound discretion of the court, and a ruling thereon, in the absence of an abuse of such discretion that results prejudicially to the party complaining, will not be disturbed.

**2. Replevin—Action on Redelivery Bond—Defenses.**

A surety on a redelivery bond may avail himself of any plea of payment or counterclaim that might be interposed by the principal obligor.

**3. Evidence — Admissions of Sheriff as Agent of Plaintiff as to Redelivery Bond.**

A sheriff who seizes property in claim and delivery proceedings is merely the agent of plaintiff, and any declaration made by such agent relative to the approval or rejection

of a redelivery bond is admissible against the plaintiff.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Beckham County; T. P. Clay, Judge.

Action by the Elk City State Bank of Elk City against E. D. Davis and L. A. Sutton, sureties on redelivery bond. Judgment for defendants, and plaintiff brings error. Affirmed.

R. N. Linville, for plaintiff in error.

D. W. Tracy, for defendants in error.

Opinion by PINKHAM, C. This action was instituted in the district court of Beckham county by the plaintiff in error, the Elk City State Bank, as plaintiff, against the defendants in error, E. D. Davis and L. A. Sutton, sureties on a certain redelivery bond. The parties will be referred to as they appeared in the trial court.

The plaintiff alleged in its amended petition that on the 9th day of August, 1921, it obtained judgment in the district court of Beckham county against one A. L. Hicks for the return of certain personal property, in said judgment described of the value of $685; that an execution was issued on said judgment against the defendant Hicks for the possession of said property; that the same was stayed by order of the court, and thereafter an execution was issued and no property found, and that upon the issuance of a writ of replevin in said cause the defendant in said cause, A. L. Hicks, made and filed a redelivery bond with E. D. Davis and L. A. Sutton, defendants herein, as sureties therein; that no payment upon said judgment or notes or any part thereof has been made and the property in said replevin action mentioned was never delivered to the plaintiff, and plaintiff has sustained damages in said matter in the amount of judgment, interest, costs and attorneys' fees in said cause, aggregating some $1,050; that plaintiff has been damaged in the sum of $50, attorneys' fees in said cause, and $50 attorneys' fees in this cause, and damages in endeavoring to procure possession of the property in controversy. Plaintiff prays judgment for $1,370.

The defendants answered by way of general denial. They admit signing the bond for the said A. L. Hicks for the delivery of the property, and that said action was for the delivery of certain property mortgaged by the said A. L. Hicks to secure certain notes aggregating about $580; that said

defendants signed the bond and were fully worth double the value of said bond, and tendered the same to the sheriff of Beckham county; that the sheriff took the same and afterwards refused to accept the bond, and that defendant Hicks then went to Elk City and arranged to pay off the said notes and have the mortgage released, and that he assigned to the plaintiff bank certain hail insurance which he had been allowed, and turned over certain monies coming to him from rents, and also had one of his creditors, one Kimsey, who owed him about $400 for a truck, to make a note to the plaintiff for $375, with a mortgage on said truck as security; that plaintiff accepted the assignments and notes made as complete and full satisfaction of said notes and mortgage and agreed to dismiss said suit, and that relying upon the promise of said plaintiff to dismiss said action and return the papers and release said mortgage, made no defense to said suit, and the plaintiff thereafter took judgment by default; that defendant Hicks paid and caused to be paid to the plaintiff bank the sum of $350 in cash on said notes, and that plaintiff took the truck mortgaged to the bank to secure the sum of $375; that it made a sale thereof and thereby converted the said truck to its own use and benefit and that it is liable for the value thereof, and that said truck was reasonably worth the sum of $400, which the plaintiff appropriated to its own use without allowing the said A. L. Hicks any credit on his notes or otherwise, and that by reason of the conversion of said truck the plaintiff received more than all the obligations of the said A. L. Hicks to said plaintiff and fully discharged plaintiff's lien on the property taken by replevin in said action; that said bond was not approved by the said sheriff within the time allowed by law for the delivery of said property, and the sheriff refused to approve the said bond and notified the defendants herein that he refused to approve said bond, and that said A. L. Hicks was forced to pay off and satisfy said notes to save his property and the said property was not redelivered to said A. L. Hicks because of said bond, but was redelivered to the defendant Hicks by reason of his payment and satisfaction of said notes and the endorsement of approval thereafter by the sheriff had no force or effect and the same was done in fraud of the rights of the defendants.

After plaintiff's reply, the matters at issue were submitted to a jury and resulted in a verdict for the defendants. Judgment was entered in accordance with the verdict.

Plaintiff's motion for a new trial was overruled, exceptions reserved, and the cause comes regularly on appeal to this court by the plaintiff by petition in error and case-made attached.

All of plaintiff's assignments of error are presented under five separate propositions, the first of which is: "Error in refusing to require the defendants to amend answer and set out definitely the matters pleaded in defense."

It is argued that a close study of the answer shows skillful mingling of facts, conclusions of law, matters not constituting proper defense and raising of issues calculated to prejudice a jury, coupled with a prayer for relief not pleaded and constituting collateral attack upon the returns of an officer.

We have examined the defendants' answer and plaintiff's motion to make more definite and certain in respect to matters set out in the motion, which motion the court overruled, and we think no reversible error was committed by the court in so doing.

Section 298, C. S. 1921, authorizing the court to require a party, where the allegations pleaded are so indefinite and uncertain that the precise nature of the charge or defense is not apparent, to make definite and certain by amendment, does not clothe the court with authority to require a party to plead his evidence. (Moore v. Continental Gin Co., 70 Okla. 202, 173 Pac. 809.)

The only case cited in support of plaintiff's proposition is Midland Valley R. Co. v. Featherstone, 32 Okla. 837, 123 Pac. 1123.

In the cited case it is held in the first paragraph of the syllabus as follows:

"The allegations in a petition should be sufficiently clear, definite, and certain as to enable the court to clearly understand, not only the specific wrongs complained of, and what particular acts constitute same, but also the correct measure of redress afforded in law."

The answer attacked by the motion meets substantially the requirements deemed essential in the cited case.

"A motion to make more definite and certain is addressed to the sound discretion of the court, and a ruling thereon in the absence of an abuse of such discretion that results prejudicially to the party complaining will not be disturbed." City of Lawton v. Hills, 53 Okla. 243, 156 Pac. 297.

The second proposition presented is:

"Error in admitting the issue of conversion of collateral security, including admitting of evidence."

The issue of conversion was clearly before the court by the pleadings, and the evidence amply sustained it. This issue was that plaintiff had been fully paid, either directly or by conversion of property mortgaged as collateral to the indebtedness set out as a basis of plaintiff's replevin action, and that all the indebtedness of Hicks and all obligations from Hicks to plaintiff had been extinguished. This was available as a proper and legal defense by Hicks' sureties since they could not be held for more than Hicks himself could be held for.

In 34 Cyc. 1596, it is said:

"Upon principle, a set-off, recoupment, or counterclaim should be allowed in an action on a replevin bond to the same extent as in any other action. Thus a surety on a replevin bond may avail himself of any set-off or counterclaim that might be interposed by the principal obligor."

The evidence on the part of the defendants was to the effect that, after A. L. Hicks and they, themselves, were notified by the sheriff that the redelivery bond was not approved and that Hicks had assigned to the plaintiff bank a number of adjusted losses on crops insured against damages by hail, and had the checks, which were issued for these losses, delivered to the bank, and also had the said Kinsey, who owed Hicks for a 1919 Model Ford truck, to make his notes to plaintiff, secured by a mortgage on the truck and on a Maxwell touring car, the president of the plaintiff bank agreed to turn over the notes then in the hands of its attorney and to dismiss the action against Hicks.

The testimony of the president and cashier of the plaintiff bank was to the effect that the note and mortgage given by Kinsey to the plaintiff bank were taken as collateral security for Hicks' debt to plaintiff. It is conceded that these payments by Hicks to the bank and his assignment of the Kinsey notes and mortgage to the bank all occurred before the approval of the redelivery bond sued on. It is also clear from an examination of the evidence that plaintiff sued Kinsey in replevin on its mortgage and took possession of the truck and car on October 17, 1921, and that this property was sold shortly thereafter, and before judgment was taken in the replevin action against Kinsey. The judgment in the Kinsey case was rendered on the 21st day of January, 1924, more than two years after the suit was filed.

If the notes and mortgage of Kinsey were given to plaintiff as collateral, as contended

by the plaintiff, for A. L. Hicks' indebtedness to the bank, the taking and selling of the property before judgment was rendered in that action was conversion. Salisbury v. First Nat. Bank, 99 Okla. 138, 221 Pac. 444; Scott v. Standridge, 117 Okla. 111, 245 Pac. 591.

The said A. L. Hicks therefore was entitled to be credited for all that was realized by the plaintiff on the collateral given as security for his debt. There is no dispute in the evidence that the sale of the truck and car in the cause in which they were replevied took place prior to judgment in that action. Furthermore, there was also evidence reasonably tending to support the defendants' theory that the plaintiff bank accepted these Kinsey notes amounting to $375, and mortgage, together with the cash payments made by Hicks amounting approximately to $365 to the bank as full payment and discharge. There was, we think, no error in admitting evidence with reference to the conversion of the property.

The third proposition is :

"Error in permitting collateral attack upon the judgment of the district court and the judgment of the county court."

The authorities cited by plaintiff against collateral attack on judgments have no application to any issue in the instant case. Defendants' answer was in effect a plea of payment and discharge and not an impeachment of the judgment. Neither was there any effort made by the defendants to impeach the return of the sheriff on the order of replevin. The sheriff's return was accepted in the trial court for what it showed on its face. It appears from the evidence that the property was taken and held six days, and then returned to Hicks, at which time the bond was approved. It further appears that the sheriff refused to approve the bond until "something had been done about it," and it is a fair inference from the evidence that this language had reference to the payment to plaintiff by Hicks of his hail insurance losses and having Kinsey make notes to plaintiff secured by mortgage to cover the balance due the plaintiff. After that was done the bond was approved.

It is urged that it was incompetent to admit evidence as to what the sheriff told the parties about approving the bond. No authority is cited in support of this proposition. It is generally recognized that sheriffs act as agents of plaintiff in such actions. 35 Cyc. 1645.

The proposition finally presented relates to the instructions. The instructions complained of are the general statements of facts and instructions 4 and 5.

It appears from an examination of the instruction with relation to the facts that it fully and fairly sets out the issues made by the pleadings, and is not subject to the criticism made against it.

The fourth instruction complained of is to the effect that if Hicks' obligations to plaintiff had been fully settled and paid and it had accepted settlement and payment in satisfaction of its claim against A. L. Hicks no liability accrued to it on the redelivery bond. In other words, if the jury believed from the evidence that the obligation of Hicks to the plaintiff bank had been fully satisfied, the jury, in case it so found, was authorized to find for the defendants. We find no error in the giving of such instruction and no authorities are cited to the contrary.

We are unable to agree with counsel for plaintiff that the fifth instruction complained of authorized the jury to give the defendants an affirmative judgment against plaintiff. The instruction complained of simply told the jury that the matter pleaded, that is, the conversion of the property mortgaged by Kinsey to plaintiff as collateral security for the debt of Hicks to plaintiff, if it believed it was given as collateral, should be taken as a credit on any liability that it might find against the defendants; that the defendants in such case would be entitled to recover against the plaintiff the reasonable cash market value of the property.

The evident meaning of this instruction is to advise the jury that it should find for the defendants, if the jury found that the payments and value of the property converted, if it found it was converted, fully satisfied all the plaintiff's claim against Hicks, or if it should find that the plaintiff had been overpaid.

We have examined all of the instructions given by the court in this case and we are clearly of the opinion that they fully and fairly stated the issues and the conflicting theories of the parties.

Whether the jury based its verdict upon the theory that the notes and mortgage of Kinsey to plaintiff were accepted as full payment and satisfaction, together with the cash payments, of the indebtedness of Hicks to the plaintiff bank, or were given as collateral for this indebtedness is immaterial in view of the fact that the verdict of the jury involved a finding that in either event

the plaintiff bank had been fully paid for all of the indebtedness due it from Hicks.

There is evidence in the record, tending to show that the truck and car sold by the plaintiff before judgment in the replevin action in the Kinsey case was of the fair value of at least $300.

The jury found for the defendants. The court who heard this evidence, overruled the motion for a new trial, approved the verdict, and rendered judgment thereon. We find no prejudicial error pointed out in plaintiff's brief and no specification of error raises the sufficiency of the evidence to sustain the verdict.

We think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 801 §2758; 21 R. C. L. p. 600; 3 R. C. L. Supp. p. 1174; 4 R. C. L. Supp. p. 1422; 5 R. C. L. Supp. p. 1166. (2) 34 Cyc. pp. 1593, 1596. (3) 34 Cyc. p. 1603.