## CUMMINS v. MORRIS.

No. 27897.   Feb. 21, 1938.

Bryan Phillips, for plaintiff in error.

A. J. Morris, for defendant in error.

PHELPS, J. The complaint was stated in two causes of action, alleging liability of the defendant to the plaintiff on two separate promissory notes. A verdict was returned and judgment entered thereon for defendant, and plaintiff appeals.

Sufficiency of the evidence to sustain the verdict is not questioned. The only contention presented is that the trial court erred in overruling plaintiff's motion for judgment on the pleadings.

The following from plaintiff's brief is the entire argument for reversal as to the first cause of action:

"Payment must be specially pleaded, and

it cannot be shown under a general denial (Reserve Loan Life Ins. Co. v. Simmons, 140 Okla. 212, 282 P. 279). Therefore, the answer filed herein to plaintiff's first cause of action sets up no defense, and the motion of the plaintiff for judgment upon the pleadings should be sustained thereto (C. O. S. 1921, sec. 682)."

It is true that payment must be specially pleaded. Turning to the answer filed by defendant, we find the following:

"Further answering said first cause of action, defendant states that he has fully paid and satisfied said note and the indorsement thereon."

Clearly this is a plea of payment. Plaintiff does not contend that it is defective for want of particularity, and, if he did, such contention would be wrong, for a simple affirmative allegation is sufficient to raise the issue and render evidence admissible thereunder. Moore v. Continental Gin Co., 70 Okla. 202, 173 P. 809.

In answer to the second cause of action, the defendant alleged:

"That since the 28th day of January, 1931, the plaintiff and this defendant had a full and complete settlement of all claims and allegations of each to the other, and in said settlement all the claims of the plaintiff against this defendant, including the claim alleged in plaintiff's said second cause of action, if any such claim ever existed, were fully settled and satisfied."

As ground for contending that his motion for judgment on the pleadings should have been sustained as to this cause of action, the plaintiff draws attention to the rule that a set-off or counterclaim must be pleaded with the same particularity and completeness as would be required had it been set forth as the basis of a petition. Clark v. Herbert, 132 Okla. 272, 270 P. 329. But neither the answer, the evidence, nor the judgment indicates that defendant relied upon any set-off or counterclaim. The issue presented was simply that of settlement of the claim sued upon, which is so fundamentally different from set-off and counterclaim as to render further discussion of this proposition unnecessary.

The judgment is affirmed.

OSBORN. C. J., and GIBSON, HURST, and DAVISON, JJ., concur.