Carl C. SMITH, Plaintiff in Error,

v.

INTERSTATE SECURITIES COMPANY, a Corporation, Defendant in Error.

No. 36670.

Supreme Court of Oklahoma.

June 7, 1955.

William D. Fore, Oklahoma City, for plaintiff in error.

Robert L. Cox, Oklahoma City, for defendant in error.

JOHNSON, Chief Justice.

The parties herein will be referred to as they appeared in the trial court.

Plaintiff, Interstate Securities Company, a corporation, brought an action against Carl C. Smith to recover the balance on a promissory note. Defendant for his answer to plaintiff's petition stated that he had theretofore paid the obligation sued upon by the plaintiff and that same was fully paid prior to the filing of plaintiff's petition and prayed that plaintiff take nothing. Plaintiff demurred to the answer on the grounds that it did not state facts sufficient to constitute a defense in favor of the defendant to the plaintiff's petition, which demurrer was sustained. Defendant elected to stand upon the sufficiency of his answer and refused to plead further, whereupon the court entered judgment for plaintiff, allowing exceptions and defendant appeals.

Defendant admits the correctness of plaintiff's contention that prior payment of an obligation sued upon is an affirmative defense, and must be expressly pleaded, but contends that his answer met the test of that rule, and, consequently, the trial court erred in sustaining plaintiff's demurrer. We agree.

The rule applicable herein was stated in Cummins v. Morris, 182 Okl. 122, 76 P.2d 897, 898, as follows:

"It is true that payment must be specially pleaded. Turning to the answer filed by defendant we find the following: 'Further answering said first cause of action, *defendant states that he has fully paid and satisfied said note and the endorsement thereon.' Clearly this is a plea of payment.* Plaintiff does not contend that it is defective for want of particularity, and, if he did, such contention would be

wrong, for a *simple affirmative allegation is sufficient to raise the issue and render evidence admissible thereunder.* Moore v. Continental Gin Co., 70 Okl. 202, 173 P. 809." (Emphasis ours.)

For reasons stated, the cause is reversed and remanded with directions for further proceedings in accord with the views herein expressed.

WILLIAMS, V. C. J., and CORN, HALLEY, BLACKBIRD and JACKSON, JJ., concur.