## MIDLAND VALLEY R. CO. v. FEATHERSTONE.

No. 1822.   Opinion Filed May 14, 1912.

(123 Pac. 1123.)

1.   **PLEADING—Petition—Statement of Cause of Action.** The allegations in a petition should be sufficiently clear, definite, and certain as to enable the court to clearly understand, not only the specific wrongs complained of, and what particular acts constitute same, but also the correct measure of redress afforded in law.

2.   **TRIAL—Instructions—Invasion of Province of Jury.** The plaintiff sued for $2,000. The testimony was conflicting as to just what amount, if any, was due the plaintiff. The court instructed the jury as follows: ''If you find for the plaintiff in this case, he is entitled to recover the sum of $1,565.96.'' This instruction was erroneous in that it was an invasion of the jury's province to determine what amount, if any, was due to plaintiff.

(Syllabus by Harrison, C.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by Chas. H. Featherstone against the Midland Valley Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Edgar A. de Meules,* for plaintiff in error.

*Chas. Bagg* and *J. E. Wyand,* for defendant in error.

Opinion by HARRISON, C. Featherstone brought this suit in the superior court of Muskogee county June 21, 1909, alleging in his petition that at a time prior thereto he had a suit pending in the United States Court for the Western District of the Indian Territory against the Midland Valley Railroad Company for stated amounts of money alleged to be due him from the company for work and labor performed for the company, and for materials furnished to the company under an alleged contract, wherein plaintiff was employed by the company to open up certain quarries on defendant's right of way, the

defendant agreeing in such contract to pay plaintiff a certain amount for the work and labor done, and a certain amount for the stone and chat removed from such quarries, and to pay the expenses incurred by plaintiff in procuring labor hands and buying the necessary material for use and the provisions necessary for the hands while doing such piece of work. That, while such suit was pending, the plaintiff and defendant entered into an agreement whereby the suit pending in the United States Court should be dismissed upon the defendant's paying the court costs, paying plaintiff's attorney's fees, paying the plaintiff the sum of $100 in cash, and the payment of certain outstanding bills for provisions and implements and expenses incurred by plaintiff in doing the quarry work, aggregating about $1,500. That pursuant to such agreement and acting upon the good faith of defendant, and relying on its promise to pay the outstanding bills aforesaid, plaintiff procured an order of dismissal of said cause and alleges that defendant did pay the court costs in said action, and paid plaintiff's attorney's fees, and paid him the sum of $100, but had failed and refused to pay the outstanding bills.

The petition alleges further that defendant had no intention of paying such outstanding bills at the time it procured his order of dismissal of the action in the United States Court, but alleges that defendant well knew that he had a good cause of action, and, well knowing that he would recover the amount sued for, had by fraud and deceit induced him to make such order of dismissal, and that by reason of such wrongful, fraudulent, and deceitful acts, which were done with the design on the part of the defendant to defeat plaintiff in the collection of the amounts justly due him, he had been damaged in the deal and expenses of recovery and in his failure to receive what was justly due him in the sum of $2,000, and asked judgment in the sum of $2,000.

After the issues were finally settled; and the defendant having answered by a general denial of the allegations in plaintiff's petition, and by further defense of settlement with plain-

tiff for all claims, demands, and causes of action which the plaintiff had against defendant, the cause was tried in January, 1910, resulting in a verdict in the sum of $1,565.96 in favor of plaintiff. Upon which verdict judgment was rendered, and from which judgment the defendant company appeals to this court, complaining of 25 assignments of error. We find, however, from an examination of the record, that, with the exceptions of two assignments, the contentions of plaintiff in error are without merit.

But we believe the contentions that the court erred in not requiring plaintiff to make his petition more definite and certain, and that the court erred in certain of his instructions to the jury, are sufficiently serious to require a reversal of the judgment.

The petition, after alleging that by the fraud and deceit of defendant plaintiff had been induced to sign a stipulation for the dismissal of his suit in the United States Court, and acknowledging settlement of all claims against the company, alleges further:

"* * * That at the time said stipulation was so signed by this plaintiff, as aforesaid, and, at the time said voucher was so signed by the said H. T. Walker, as aforesaid, and as the consideration for the signing of said stipulation by this plaintiff, as aforesaid, and the signing of said voucher by the said H. T. Walker, as aforesaid, the said defendant falsely, fraudulently and deceitfully represented to this plaintiff and to the said H. T. Walker that it would, immediately after the signing of the said stipulation and voucher and the dismissal of the said cause then pending in the United States Circuit Court, as aforesaid, pay or cause to be paid to this plaintiff, a sufficient amount to liquidate and pay off certain claims then outstanding and owed by this plaintiff to certain persons who had performed labor and furnished materials and supplies to this plaintiff while he was engaged in the performance of said contract between this plaintiff and the said Midland Valley Railway Company, as aforesaid, together with an additional sum of one hundred dollars to be paid to this plaintiff in the settlement of his claims against the said Midland Valley Railway Company for labor performed by himself in the pursuance of said contract, and also the sum of seventy-five dollars to be paid to plaintiff's attorney in said

cause, amounting in the aggregate to the sum of one thousand, four hundred and eighty-seven dollars; that this plaintiff wholly relying upon and believing said representation and promises made by the said Midland Valley Railway Company, as aforesaid, did sign said stipulation, as aforesaid; and the said H. T. Walker did sign said voucher, as aforesaid; that, at the time of said agreement, as aforesaid, this defendant had no intention or purpose whatever, to pay said amount or any part thereof, save and except the sum of one hundred and seventy-five dollars, which was paid at said time, as hereinafter set out, but that it was the sole, fraudulent and deceitful intention and purpose of the said Midland Valley Railway Company to fraudulently and deceitfully induce plaintiff to sign said stipulation and to immediately file the same in the said United States Circuit Court for the Eastern District of Oklahoma, and have said suit dismissed without prejudice against the institution of another suit for the cause of action in the complaint therein filed set out, and after said suit was so dismissed, to refuse to pay the amount so agreed to be paid, and to deny that any such agreement had been made or entered into, and thereby accomplish its fraudulent and deceitful design and plan, as aforesaid."

This petition, in our opinion, is too indefinite and uncertain in reference to just what defendant agreed to do, just what the amounts of the outstanding bills were, and to whom they were due, and for what they were due, to give the defendant notice of just what he was sued for, or to enable him to make a proper defense, and too uncertain to base a definite judgment upon. We think the court erred in not requiring the plaintiff to amend by making his petition more definite and certain in these particulars, and erred in admitting testimony without such amendment. The allegations in the petition should be sufficiently clear, definite, and certain as to enable the court to clearly understand, not only the specific wrongs complained of and what particular acts constituted same, but also the correct measure of redress afforded in law, and we do not think this is true in the case at bar.

The next question is the court's charge to the jury. In paragraph 3 of his charge the court says: "If you find for the plaintiff in this case, he is entitled to recover the sum of $1,565.96." The testimony in this case is in conflict as to the

amount due plaintiff. In fact, the exact amount due is not made clear by the testimony of any witness in the case. We therefore think the amount due to plaintiff was a fact to be determined by the jury from all the evidence, and that the foregoing instruction was error. The plaintiff in this case asked for judgment for $2,000, and for the court to instruct the jury that they should find in any sum less than $2,000 if they found at all for the plaintiff was an invasion of the jury's judgment of the facts from all the evidence in the case.

With these exceptions we can see no material error in the proceedings except such assignments of error as are the result of those two.

But for these errors we think the judgment should be reversed, and the cause remanded.

By the Court: It is so ordered.