## ABRAHAM v. SOUTHWESTERN COTTON OIL CO.

No. 7952—Opinion Filed Nov. 27, 1917.

Rehearing Denied Jan. 8, 1918.

(169 Pac. 618.)

### Trial—Directing Verdict.

"The court may direct a verdict for plaintiff or defendant, as the one or the other may be proper, only where the evidence is undisputed or is of such conclusive character that the court, in the exercise of a sound judicial discretion, would be compelled to set aside a verdict in opposition to it."

(Syllabus by Bleakmore, C.)

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by the Southwestern Cotton Oil Company against Joe Abraham. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

William O. Beall and Vaught & Brewer, for plaintiff in error.

Ames, Chambers, Lowe & Richardson, for defendant in error.

Opinion by BLEAKMORE, C. The Southwestern Cotton Oil Company, as plaintiff, commenced this action in the district court of Oklahoma county against Joe Abraham, defendant, seeking recovery of $3,150.75. Plaintiff claimed that it had orally contracted with defendant to purchase from him 600 tons of prime, clean cotton seed, to be delivered f. o. b. cars at Bristow, Okla., at $22.50 per ton, and paid at the time $1,500, or $2.50 per ton, of the purchase price; that, pursuant to such contract, defendant consigned to it certain cars of seed, drawing on it sight drafts, with bills of lading attached, which were paid; that such shipments were short in weight; that a portion of the seed was in bad condition and of in-

ferior quality; that in honoring such drafts it overpaid defendant a large sum; that defendant had breached the contract to its damage by failure to deliver 205.5 tons of the seed.

Defendant contended that plaintiff had purchased his entire output of seed for the season, as the same came from the gin, regardless of grade at $22.50 per ton, and had agreed that the seed should be weighed at Bristow and paid for according to weights shown by scale tickets which were delivered; that there was no shortage in the weights; that plaintiff had refused to accept his entire output of seed in accordance with the contract, compelling him to sell 584,800 pounds thereof on the market for less than the contract price, by reason of all of which he sought to recover against plaintiff the sum of $1,940.72.

The case was tried to a jury. The testimony adduced relative to every issue of fact was conflicting; yet at the close of the evidence, the record of which is voluminous, the court directed a verdict for plaintiff in the sum of $2,491.64; and defendant has appealed.

Plaintiff in its brief here says:

"It may be the amount for which the court instructed the verdict is not correct; yet the evidence conclusively shows that we were entitled to an instructed verdict for a certain sum less than the amount fixed by the court, and we are willing that the judgment be modified to that extent, and we take it the court will so modify the judgment in giving us this opportunity; in other words, as the uncontradicted testimony clearly indicates that we would be entitled to a judgment for a definite amount, and we are willing to accept that amount, will this court so modify the judgment to that extent, rather than put the parties to the expense of another trial? While we feel we were entitled to the amount fixed by the court, and more, rather than go to the expense and take the time of another trial, we would sacrifice a reasonable amount and accept what the evidence of plaintiff in error clearly indicates we were entitled to."

We are of the opinion that the action of the trial court directing a verdict for plaintiff was prejudicially erroneous.

Section 4993, Revised Laws 1910, provides:

"* * * Issues of fact arising in actions for the recovery of money * * * shall be tried by a jury, unless a jury trial is waived. * * *"

"The court may direct a verdict for plaintiff or defendant, as the one or the other may be proper, only where the evidence is undisputed or is of such conclusive character that the court, in the exercise of a sound

judicial discretion, would be compelled to set aside a verdict in opposition to it." Moore v. First Nat. Bank of Iowa City, 30 Okla. 623, 121 Pac. 626.

In Midland Valley R. Co. v. Featherstone, 32 Okla. 837, 123 Pac. 1123, it is held:

"The plaintiff sued for $2,000. The testimony was conflicting as to just what amount, if any, was due the plaintiff. The court instructed the jury as follows: If you find for the plaintiff in this case, he is entitled to recover the sum of $1,565.96.' This instruction was erroneous, in that it was an invasion of the jury's province to determine what amount, if any, was due to plaintiff."

It follows that the judgment of the trial court should be reversed, and the cause remanded.

By the Court: It is so ordered.