## Richmond.

GRACE LILLARD SMITH, FOR, ETC., V. STATE HIGHWAY COM-
MISSION OF VIRGINIA AND COMMONWEALTH OF VIRGINIA.

November 21, 1921.

1. MASTER AND SERVANT—*Workmen's Compensation Act—State High-
way Commission as Employer.*—The State Highway Commis-
sion does not fall within the definition of an employer contained
in section 2 of the workmen's compensation act (Acts 1918,
p. 637), providing that "employers" shall include the State
and any municipal corporation or political division of the State.

2. MASTER AND SERVANT—*Workmen's Compensation Act—Employee
of State Highway Commission as Employee of State.*—A quarry
foreman in the direct employment of the State Highway Com-
mission of Virginia is an employee of the State within the
Virginia workmen's compensation act.

3. STATE—*Appropriations—Compensation for Employees of State
Under Workmen's Compensation Act.*—While it is true that
the compensation act contemplates employees of the State,
and expressly provides that they shall have the benefit of the
same, no provision has yet been made for the payment of
claims against the State, and section 2582 of the Code of 1919
provides that no judgment or decree, unless otherwise provided,
shall be paid without a special appropriation by law. Neither
the court nor the Industrial Commission can require the legis-
lature to make an appropriation for cases of this character.

Question certified from the Industrial Commission pur-
suant to section 61 of the workmen's compensation act
(Acts 1918, p. 637). Claimants held entitled to compensa-
tion.

PER CURIAM:

This case is before us upon the following certificate:

"The Industrial Commission of Virginia, pursuant to the provisions of section 61 of the workmen's compensation act (Acts 1918, p. 637), beg leave to certify to this honorable court for its decision and determination a question of law arising in the above entitled proceedings, now pending before said Industrial Commission of Virginia.

"The claimant, Grace Lillard Smith, in her own right and in behalf of her infant child, had filed her application for hearing before the Industrial Commission of Virginia, setting up the claim of herself and infant child as dependents of her husband, William Oscar Smith, a quarry foreman in the direct employment of the State Highway Commission of Virginia, who died as result of an injury which arose out of and in the course of his employment with the said State Highway Commission, on the 30th day of June, 1920.

"In said application claimant asks that the compensation be paid as provided by the statute, either by the State Highway Commission of Virginia or the Commonwealth of Virginia, as liability under the statute may be determined.

"The State Highway Commission of Virginia now comes by counsel and moves the Industrial Commission of Virginia to dismiss the above entitled proceedings as to the said State Highway Commission and make the Commonwealth of Virginia party defendant, stating that if any claim at all can be asserted in the above entitled proceedings it must be asserted against the Commonwealth of Virginia, section 2 (a) workmen's compensation act of Virginia (Acts 1918, p. 637); whereupon the Commonwealth of Virginia, by consent of the Attorney General of Virginia was made a party defendant to the above entitled proceedings.

"The question of law which is here respectfully certified to this honorable court for its decision and determination is:

"Was the State Highway Commission the employer of William Oscar Smith, at the time of his death, and, there-

fore, the proper party defendant, and is it, as such, liable to pay compensation to the claimants in the act provided; or,

"Was the Commonwealth of Virginia the employer at said time and, as such, liable to pay said compensation; if so, in what manner and against what funds should the Industrial Commission of Virginia direct an award for the payment of compensation to the claimants in the above entitled proceedings?"

[1] 1. Taking up the two questions thus submitted to us in their order, we answer that the State Highway Commission was not the employer of William Oscar Smith within the contemplation of the workmen's compensation act, because the commission does not fall within the definition of an employer contained in section 2 thereof. The act provides (section 2-a) that " 'employers' shall include the State and any municipal corporation within the State, or any political division thereof, and any individual, firm, association or corporation, or the receiver or trustee of the same, or the legal representative of a deceased employer using the service of another for pay."

A counterpart of this provision is found in section 8 of the act as follows: "Neither the State nor any municipal corporation within the State, nor any political subdivision thereof, nor any employee of the State or of any such corporation or subdivision shall have the right to reject the provisions of this act relative to payment and acceptance of compensation, and the provisions of sections 5, 6, 16, 17 and 18 shall not apply to them."

It is clear that the State Highway Commission is neither a municipal corporation nor a political division thereof, nor is it an individual, firm, association, or corporation, receiver or trustee of the same, or the legal representative of a deceased employer.

Not falling within the terms of the definition to be found in the act, we have no hesitancy in saying that the State Highway Commission cannot be regarded as the employer of the deceased.

[2] 2. (a) We think it is equally clear, however, that the deceased was an employee of the State, and that if there be nothing in the facts of the case concerning the circumstances of the accident which would defeat the right of his estate to compensation for his death, the State is liable for the compensation allowed.

The definition above quoted brings the State within the operation of the act, and the organization and duties of the State Highway Commission make those employed by it employees of the State. It is manifest, for example, that if an employee of the State Corporation Commission, or of the Industrial Commission of Virginia, should be injured by accidental means, he would be entitled to the benefit of the provisions of the act, but the proceeding could not be against either commission, and would have to be brought against the State.

[3] (b) As to the manner in which and the funds from which the compensation awarded by the Industrial Commission in such a case should be paid, no order can be made directing the payment, but the same must be provided for by special appropriation to be made by the legislature.

While it is true that the compensation act contemplates employees of the State and expressly provides that they shall have the benefit of the same, no provision has yet been made for the payment of claims against the State, and section 2582 of the Code provides that no judgment or decree, unless otherwise provided, shall be paid without a special appropriation by law. Neither the court nor the Industrial Commission can require the legislature to make an appropriation for cases of this character, but it is not to

be doubted for a moment that such appropriation will be made in every case in which an order against it is made by the commission. The State will not provide that its employees shall have the right to claim compensation under the workmen's act, and then decline to give them any means whereby they may collect the compensation allowed them thereunder.

We have been referred to the case of *Woodcock* v. *Board of Education,* decided by the Supreme Court of Utah, January 13, 1920, and reported in 55 Utah 458, 187 Pac. 181, 10 A. L. R. 181. In that case a school teacher had presented her claim for injuries sustained while engaged in her usual duties, and the Industrial Commission made an award in her favor against the Board of Education of Salt Lake City. The board resisted the payment of the award on the ground that there were no funds in their hands applicable to such allowances, and the court held that the judgment should be paid from the funds provided for the support and maintenance of schools. The case has no application here because the Utah statute expressly made each school district an "employer," and as such liable for the compensation.