## BUTLER v. CARTER, State Auditor.

No. 13011—Opinion Filed Sept. 12, 1922.

(Syllabus.)

1. Officers—Compensation — Extra Help in Highway Department.

Where the Commissioner of Highways was clothed with authority to employ extra help, and the person so employed performed all the duties required of him during such period of employment, and was prepared at all times to do the work when requested by his employer, he would be entitled to his compensation.

2. Same—Warrant for Claim—Duty of State Auditor.

Where a person was employed to do such work as was determined necessary by the Commissioner of Highways, and he performed all the services required of him, the claim for such services being in proper form, and examined and approved by the Commissioner of Highways, and presented to the auditor, it was the duty of the latter to approve and issue a warrant to the claimant for the amount of the compensation so approved by the said commissioner.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Mandamus by C. L. Butler against F. C. Carter, State Auditor, to enforce issuance of warrant for salary. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

George F. Short, Atty. Gen., and C. W. King, Asst. Atty. Gen., for plaintiff in error.

N. W. Gore, for defendant in error.

PITCHFORD, V. C. J. On the 8th day of November, 1921, plaintiff in error filed in the district court, in and for Oklahoma

county, his petition seeking a peremptory writ of mandamus requiring the defendant in error, as State Auditor, to approve and issue a warrant to the plaintiff for the sum of $225 for salary from May 1 to May 31, 1921. The defendant filed an answer, alleging that the plaintiff performed no services for the state of Oklahoma and was not entitled to any compensation.

On the 27th day of December, 1921, the cause was tried, and resulted in judgment in favor of the defendant, denying the writ sought. From this judgment plaintiff appeals. The facts in the case are, briefly, as follows:

During the month of May, the plaintiff was employed by the State Highway Department for the purpose of making application of the budget to the Highway Department. Prior thereto, the plaintiff was in the employ of the Governor, working on the budget for the state departmental appropriation subdivisions. It appears that the budget, as prepared by the plaintiff, was passed by the Legislature and the same made a part of the general appropriation bill.

The testimony of Mr. Clark, Commissioner of Highways, was to the effect that the plaintiff reported at all times and was willing to perform all services required of him, and that he did in fact perform his required duties; that he was in almost constant consultation with plaintiff during this time, for purpose of opening up his accounts and placing his department in conformity to the new budget plan.

The refusal on the part of the State Auditor to approve the claim, as presented, was largely placed on the personal knowledge of the defendant that he saw the plaintiff a number of times during the month of May in the Legislative Chamber. In other words, it is claimed by the defendant that during the month of May the plaintiff did no work for the Highway Department; this conclusion being based upon the fact that the plaintiff did not maintain his office in the Highway Department, and that he, at various times, was seen in the House of Representatives while the Legislature was in session. It is clearly shown by the evidence that the plaintiff is an expert accountant; that he did prepare the general budget for each of the several state departments.

The authority of the Commissioner of Highways to employ the plaintiff is found in section 1, chapter 199, of the Session Laws of Oklahoma of 1921, extra session, and reads, in so far as applicable, as follows:

"There is hereby appropriated out of any money in the State Treasury, not otherwise appropriated, for the fiscal year ending June 30, 1921, the sum of thirty-nine thousand eight hundred ninety dollars ($39,890.00), to be apportioned as follows, to wit: The sum of twelve thousand three hundred dollars ($12,300.00), or so much thereof as may be necessary, for the purpose of paying contingent expenses, traveling expenses both within and outside the state, for printing, stationery, postage, express, drayage, freight, office supplies, **extra help, and back pay to the Department of Highways.**"

There is no contention made that the appropriation is not applicable to the purposes named. The only defense is that the employe did not actually perform the work in that department as set out in the claim as sworn to by the claimant and approved by the Commissioner of Highways.

While it is true the law of this state requires that the incumbent of a public office shall devote his personal attention to the duties of the office to which he is elected or appointed, it does not, however, contemplate that he shall forfeit his claim to compensation merely because he may be absent for short periods of time, and fail to personally give all of his time and attention to the duties of his position. The question to be determined is, "Did he perform the work called for by his employment?"

In the instant case, if the Commissioner of Highways was authorized by the statute to employ the plaintiff, and the plaintiff during such period of employment performed all the duties required of him by his employer, and was prepared at all times to do the work as required by his employer, he would be entitled to his compensation.

On the other hand, if the Commissioner of Highways sought to take advantage of the authority of the Legislature, supra, and employed the plaintiff when there was no necessity for such employment, he would be guilty of malfeasance in office.

So, when the plaintiff was employed to do such work as was determined necessary by the Commissioner of Highways, and he did all that was required of him, and when his claim for salary was approved by the Commissioner of Highways, and presented to the auditor, it was the duty of the latter to approve and issue a warrant to the plaintiff for the amount of the salary so approved by the Commissioner of Highways. This conclusion in no manner conflicts with sections 8065, 8066, of Rev. Laws 1910, which provide that:

"8065. All claims or accounts against this state which by law are to be paid from the funds of the state by virtue of appropriations

made by the Legislature shall be itemized and sworn to as just, correct, due, and according to law, and shall be signed as approved by the officer having control of the department or institution incurring such indebtedness, under such rules and regulations as may be by them prescribed, and shall be filed with the State Auditor: Provided, that any officer or employe of the state who shall certify or indorse his approval on any unjust or improper claim or account against this state shall be deemed guilty of malfeasance in office, and upon conviction thereof shall be punished as provided by law.

"8066. All accounts or claims against the state which shall be by law directed to be paid out of the treasury thereof shall be presented to the auditor, who shall examine and adjust the same, and, for the sums which shall be found due from the state, shall issue warrants payable at the state treasury, which shall be numbered consecutively, and each warrant shall specify the date of its issue and the name of the person to whom payable, and the number, date of issue and the person to whom each warrant is payable, and corresponding thereto, shall be entered upon a stub for each warrant separately, and such stubs shall be preserved by the auditor in his office: Provided, that before issuing warrant in payment of any claim or account, the auditor may require additional information, and he may call, swear and examine claimants and other witnesses in reference to any claim or account presented to him."

The proviso in the section last quoted authorizes the auditor to hear further evidence regarding claims in addition to the affidavit of the claimant and the approval of the officer having control of the department employing the claimant, and should it then appear that the employment was without authority of law, or as a matter of fact no services rendered for which the claim was made, then and in that event it would be the duty of the auditor to withhold his approval.

In the case of George F. Clark v. F. C. Carter, 86 Okla. 126, 209 Pac. 932, in paragraph 8 of the syllabus, the court held:

"The State Auditor is not authorized by law to act capriciously or arbitrarily or with abuse of discretion in the adjustment of a claim; the law presupposes that he will act with fairness and in honest, good faith, but in case he does act capriciously or arbitrarily or with abuse of discretion as to a claim, the remedy of the claimant is by resort to the equity powers of the courts, and the court will examine the facts and grant such relief as in its judgment the claimant should receive."

In the case of Jobe v. Caldwell and Drake, 93 Ark. 503, 125 S. W. 423, the court held that:

"The State Auditor acts in a ministerial capacity in issuing warrants on certificates of an officer or tribunal authorized to pass on and certify the justness of a claim covered by an appropriation, and can be compelled to act when he wrongfully refuses to do so."

The judgment of the trial court not being supported by sufficient evidence, we conclude that the same should be reversed and remanded, with directions that the writ of peremptory mandamus be granted as prayed for, and it is so ordered.

HARRISON, C. J., and KANE, JOHNSON, McNEILL, and KENNAMER, JJ., concur.