McCOY & SON et al. v. FIRST NAT. BANK OF CLEVELAND et al.

No. 17355—Opinion Filed Dec. 7, 1926.

Rehearing Denied Jan. 25, 1927.

1. Partnership—Existence of Relation as Jury Question.

The existence or non-existence of a partnership is a question of fact for a determination by the jury if the evidence presents disputed questions of fact.

2. Same—When Question of Law for Court.

The existence of a partnership is a question of law for a determination by the court if the facts are undisputed.

3. Highways—Equitable Assignment of Funds to Be Paid for Construction by State Highway Commission—Effect.

A written assignment of the funds to be paid by the Highway Commission of Oklahoma to the builder of a highway before the project is completed operates as an equitable assignment and effects the transfer of the title in the funds to the pledgee when the same becomes due and owing to the obligor.

4. Same—Lien of Pledgee Superior to Claims of General Creditor.

The written assignment which pledges the funds impresses the money with an equitable lien when it becomes due and owing according to the contract between the State Highway Commission and the builder, and this lien is superior to the claim of a general creditor.

5. Same—States—Joining Highway Commission in Suit to Determine Conflicting Claims to Funds Not a Suit Against State.

The act of making the State Highway Commission a party to a suit where the only purpose of joining the State Highway Commission is to determine conflicting claims between other parties. to a fund held by the State Highway Commission, does

not violate the constitutional provision prohibiting a suit against the state.

6. Judgment Not Sustained.

Record examined; held, to be insufficient to support judgment against the plaintiffs in error.

(Syllabus by Williams, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Pawnee County; Edwin R. McNeill, Judge.

Action by the First National Bank of Cleveland, Okla., against McCoy & Son, C. B. Cormack et al.; the Missouri, Kansas & Texas Railway company and others intervening. Judgment for plaintiff, and defendants named. bring error. Reversed and remanded.

Wm. M. Bowles, for plaintiffs in error.

Wilson & Wilson and McCollum & McCollum, for defendant in error First National Bank of Cleveland.

Lewis Raba, for defendant in error W. S. Bates & Son.

M. D. Green, John E. M. Taylor, and Eric Hasse, for defendant in error Missouri, Kansas & Texas Railway Company.

Opinion by WILLIAMS, C. The Highway Commission of the state of Oklahoma awarded a contract for the grading, building of a roadbed, and construction of concrete bridges on sections A and B of Federal Project No. 85. A written contract was entered into between the builders and the State Highway Commission. which expressed the joint interests of the builders in the construction of the project. Thereafter C. B. McCormack borrowed money from the First National Bank of Cleveland for conducting the work on section B. McCormack executed and delivered to said First National Bank his several promissory notes. A written assignment was executed and delivered to the bank by C. B. McCormack pledging the funds to be receive from the State Highway Department for the construction work on section B to secure the payment of the money borrowed from the bank. The borrower failed to pay the notes delivered to the bank for the sums of money loaned to him and the bank commenced its action against C. B. McCormack, McCoy & Son, styled as a partnership, and joined the State Highway Commission. for the purpose of enforcing the pledge. Other parties were joined as defendants in the action for the purpose of making a complete determination of the rights in the subject-matter.

If the First National Bank of Cleveland

was induced to make the loan to C. B. Mc-Cormack, McCoy & Son, by reason of the apparent partnership entered into between the parties with the State Highway Commission for the construction of sections A and B, the three parties named would have been bound by the notes executed by C. B. McCormack. But the evidence of the cashier of the plaintiff bank presents a different situation. His evidence in relation to the pledge is as follows:

"Q. Who did you expect to pay? (Having reference to the money borrowed by McCormack.)

"A. I expected that to be paid by him on account of the estimate of this road work.

"Q. That was the estimate on section B, was it?

"A. Yes, sir.

"Q. You wasn't looking for money on section A?

"A. Not unless it would be due to McCormack on his part of the work."

The written agreement executed and delivered by McCormack to the bank amounted to an equitable pledge of the funds to be received from section B, but did not attempt to impress the funds to be received from section A. Gillette & Libby et al. v. Murphy, Carroll & Brough, et al., 7 Okla. 91, 54 Pac. 413.

McCormack testified that it was understood between himself and McCoy & Son that the contract would be entered into by all parties with the State Highway Department, and after its procurement that the work would be divided between the parties; that McCoy & Son would complete section A, and receive the funds therefrom, and that C. B. McCormack would complete section B and receive the funds therefrom. The agreement between the parties was that the work should not be done as a partnership project among the parties. A written agreement was entered into between McCormack and McCoy & Son accordingly, which expressed the purpose of section B to be completed as the individual project of McCormack and section A as the individual project of McCoy & Son, with the following exception: That the concrete bridge work on section B was to be treated as a partnership project among the parties. The concrete bridge work on section B was sublet and the parties shared equally in the profits.

In relation to the written agreement between McCormack and McCoy & Son, for the completion of the work as individual pro-jects, the cashier of the plaintiff bank testified as follows:

"Q. Did he exhibit to you any contract or paper that he had between himself and McCoy?

"A. Not at that time; no, sir.

"Q. When was that, you say not at that time?

"A. No, sir.

"Q. Did he at any time?

"A. I think so.

"Q. About what time was it in relation to the opening of this account?

"A. Well, at the time we started to advance him the money.

"Q. That was it?

"A. Yes, sir."

The cashier of the plaintiff bank, in effect, testified that section B was the individual project of C. B. McCormack, which excludes the proposition of any partnership in securing the money from the plaintiff bank to complete the work on section B. The evidence of the cashier of the plaintiff bank discloses that C. B. McCormack had no legal authority to bind McCoy & Son upon the notes given the First National Bank at the time the loan was made. The facts relating to this transaction not being disputed between the parties, the question of partnership among the parties was one of law for decision by the court, and it was error to send the question to the jury. The finding of the jury that a partnership existed among the parties was contrary both to the facts and the law. Abraham v. S. W. Cotton Oil Co., 69 Okla. 23, 169 Pac. 618.

However, the conclusion reached applies only to the funds to be received by McCormack for the construction of the roadbed. The testimony of the parties is undisputed that the parties were to build the concrete bridges as a partnership project. There being no dispute on this point, the court should have declared, as a matter of law, the existence of a partnership in relation to the bridges and not sent the question to the jury. The effect of this conclusion is to charge McCoy & Son with whatever judgment the plaintiff is entitled to recover to the extent of the profits they received from the construction of the concrete bridges, as McCormack stood in the relation of partner to the McCoys in respect to the construction of the bridges.

The Missouri, Kansas & Texas Railway Company intervened in this cause to recover for freight charges and demurrage on

material shipped to Cleveland for use, evidently. in completing section B. The .intervener was not entitled to recover judgment against the McCoys with McCormack for freight charges and demurrage on material used in the construction of the roadbed for the reasons already stated, as the evidence shows that it did not deal with McCormack as a partner of the McCoys. If the intervener had been induced to advance the credit to McCormack by the acts of the parties in appearing to undertake the work as partners, then equity would estop the McCoys to show the contrary, but the record does not show that the intervener was induced to extend the credit on this account. Flesner v. Cooper, 62 Okla. 263, 162 Pac. 1112; St. L. & S. F. Ry. Co. v. Mann, 79 Okla. 160, 192 Pac. 231; Madill State Bank v. Weaver. 56 Okla. 183, 154 Pac. 478; Williamson-Halsell-Frazier Co. v. King, 58 Okla. 120, 158 Pac. 1142. For any material transported by the intervener for use in the construction of the concrete bridges, the intervener would be entitled to recover against McCormack and the McCoys as a partnership for the reasons already stated.

What we have said as to the Missouri, Kansas & Texas Railway Company as intervener applies to the other interveners in this case.

The purpose of the plaintiff in joining the State Highway Commission was for the purpose of determining conflicting claims to funds held by the State Highway Department which it owed, either to the contractor or his assignees. It is not claimed by the State Highway Department that it did not owe the money to the party legally entitled to receive it. The purpose of the inquiry so far as the State Highway Commission is concerned, is to determine for the latter party legally entitled to receive the money which it holds in its hands and owes to the contractor or his assignees. No money judgment is sought against the State Highway Department, nor will the judgment affect the state in the completion of the project. The legal proceeding in no way affects the judgment or discretion which the state may be entitled to exercise in the construction of public highways. The proceeding does not violate the constitutional provision forbidding suits against the state.

The cause is reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.