## LEININGER et al. v. MINTER.

No. 19153.   Opinion Filed Oct. 29, 1929.

Edwin Dabney, Atty Gen., and Wm. L. Murphy, Asst. Atty. Gen., for plaintiff in error.

Freeling & Box, for defendant in error.

REID, C.  As a taxpayer, Z. M. Minter, brought an injunction proceeding on September 29, 1927, to restrain the State Highway Commission of Oklahoma, and its members, from procuring a policy of workmen's compensation insurance covering persons working under the Commission, and further to restrain the Commission from using funds in its hands in payment of the premium on said policy.

Upon trial a permanent injunction was allowed, and the defendants appeal.

It appears from the record that pursuant to a resolution of authority passed by the Highway Commission, as it then stood on October 5, 1925, a policy of such insurance was obtained.  And when such insurance was about to expire on October 5, 1927, the defendants herein, then constituting the Commission, were about to have the policy renewed, and the injunction was had as stated.

There is but one question presented by this appeal, and that is whether the Highway Commission can use the funds in its hands in payment of the premium on the policy of guaranty insurance it was about to obtain.

The parts of our Workmen's Compensation Law relating directly to the question involved are found in section 7308, C. O. S. 1921, as follows:

"An employer shall secure compensation to his employees in one of the following ways: * * *

"(b) By obtaining and keeping in force guaranty insurance with any company authorized to do such guaranty business in this state. * * *"

The Highway Commission is an arm of the executive department of this state, and in principle we have so held. McCoy & Son v. First National Bank of Cleveland, 123 Okla. 170, 252 Pac. 404.

In effect, this court held, in the case of Butler v. Carter et al., 87 Okla. 70, 209 Pac. 965, that a person employed by the Department of Highways was an employee of the state. While that decision had reference to the Department before its reorganization by the legislation we are here considering, there is nothing in any subsequent legislation which would change the rule recognized in that case.

The Supreme Court of the state of Virginia held that persons working under the Highway Commission of that state were employees of the state within the meaning of its Workmen's Compensation Act, which act was similar to the Compensation Law of this state in its relevant parts. Smith v. State Highway Commission of Virginia et al., (Va.) 109 S. E. 312.

We have seen that persons working under the direction of the Highway Commission are no more nor less than employees of the state of Oklahoma, working in a branch of its executive department. Then there arises the question whether that branch had funds in its hands appropriated to it by the Legislature which it could disburse for the purpose in question.

Article 5, section 55, of the Constitution of this state provides:

"No money shall ever be paid out of the treasury of this state, nor any of its funds, nor any of the funds under its management, except in pursuance of an appropriation by law, nor unless such payments be made within two and one-half years after the passage of such appropriation act, and every such law making a new appropriation, or continuing or reviving an appropriation, shall distinctly specify the sum appropriated and the object to which it is to be applied, and it shall not be sufficient for such law to refer to any other law to fix such sum."

The State Highway Commission was created by chapter 48, Session Laws of Oklahoma 1923-24, and derives its powers on the matter here involved by that legislation. Certain revenues of the state were allocated to the purpose of the act, and these have been augmented from time to time. The purposes for which these funds may be used by the Highway Commission are found in that part of section 10 of the act which reads as follows:

"* * * The Commission is hereby given power and authority to purchase, lease, or otherwise acquire any tools, machinery, supplies, material, or labor needed for said work, and to pay for engineering, preparation of plans and specifications, cost of advertising, engineering supervision and inspection, and all expenses and contingencies in connection with the construction and maintenance of such state highway system, and that preference shall be given materials produced within the state, when quality and prices are equal."

This court, in the case of Edwards v. Childers, 102 Okla. 158, 228 Pac. 472, has defined the powers of the Highway Commission under the foregoing appropriating section in so far as it related to the questions there presented. But we have concluded that there is nothing in the construction there given the section which would authorize us to say that the use of the funds as here proposed finds authority in that decision. That case reaffirmed the rule of interpretation announced by this court in the case of Menefee v. Askew, 25 Okla. 623, 107 Pac. 159, wherein this language was used:

"No arbitrary form of expression or particular words are required by the Constitution in making an appropriation, which may be made by implication, when the language employed reasonably leads to the belief that such was the intention of the Legislature."

If it should be held that the state is liable to its employees working under the Highway Commission who are injured under the circumstances mentioned in the Compensation Law—a question not calling for determination in this case, and not decided— it would not necessarily follow that the Commission could disburse its funds as here suggested. There is nothing in the language employed in the appropriation which reasonably leads to the belief that it was the intention of the Legislature to give the Commission authority to expend the funds in paying the premium on a bond of guaranty that the state of Oklahoma would perform its obligations. While we know that in practice among individuals and corporations, by special contract made between the employer and the insurance carrier, the carrier usually becomes primarily responsible, yet the Compensation Law does not so require. But the bond is only one of the methods by which the employer is required to satisfy the Industrial Commission that he will pay the liability accruing under this law. Such obligation of the state, if any, would seem to require no guaranty. The suggestion appears inconsistent with the sovereignty of the state.

In the briefs of the parties no decision is called to our attention passing on the exact question presented, and we have been unable to find any. The proposition appears new as well as novel. In the absence of definite authority expressed in the appropriation to the Highway Commission, we must hold that it has no right to expend its funds as proposed.

The judgment of the trial court is affirmed.

BENNETT, TEEHEE, FOSTER, and LEACH, Commissioners, concur.

By the Court: It is so ordered.