## PONCA SALVAGE IRON & METAL CO. et al. v. GOLDSMITH et al.

No. 22486. Opinion Filed Oct. 11, 1932.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

Dwyer, Smith & Crowley, for respondents.

McNEILL, J. This is an original action to review order and award of the State Industrial Commission entered on May 20, 1931. Respondent received an accidental personal injury on Novemer 12, 1929, by being struck with the cable hook which fell, striking his forehead, lacerating his scalp, and fracturing his skull.

We consider but one of the propositions urged by the petitioners, to wit: That there is no evidence to show that the claimant was an employee of the Ponca Salvage Iron & Metal Company. This court, in the case of Hamilton v. Randall, 136 Okla. 170, 276 P. 705, has held that before one is entitled to the liberal construction of the Workmen's Compensation Law, he must be held to strict proof that he is in a class embraced within the provisions of the law, and that nothing can be presumed or inferred in this respect. In other words, there must be more than an inference or presumption that the relation of master and servant exists. Direct proof of this relationship is required at the time of the accidental personal injury.

We have examined this record, and conclude that the respondent has not maintained this burden. We think that it was incumbent upon the respondent to develop the facts surrounding his employment at the time of his injury so that the Commission had sufficient facts before it to sustain a finding that the relation of employer and employee existed. If the relation of master and servant did exist between the Ponca Salvage Iron & Metal Company and said respondent, then respondent should be permitted, in furtherance of justice, to have these facts fully and properly developed. In view of the insufficiency of the evidence on this question, this cause is remanded to the Commission for further proceedings, to permit the respondent, if he elects to do so, to introduce further evidence touching this question. In the event of his failure to do so, the Commission is directed to dismiss respondent's claim for compensation.

LESTER, C. J., and HEFNER, CULLISON, ANDREWS, and SWINDALL, JJ., concur. CLARK, V. C. J., and KORNEGAY, J., dissent. RILEY, J., absent.

Note. See under (1) L. R. A. 1916A, 39, 67, 241; L. R. A. 1917D, 130; L. R. A. 1918F, 916; 28 R. C. L. 812; R. C. L. Perm. Supp. p. 6239; R. C. L. Pocket Part, title "Workmen's Compensation," § 99.