CAREY, LOMBARD, YOUNG & CO. v. HUCKABY.

*100 P. 2d 894.*

No. 29001.   March 19, 1940.

Dudley, Hyde, Duvall & Dudley, of Oklahoma City, for plaintiff in error.

R. E. Bowling, of Pauls Valley, for defendant in error.

PER CURIAM. This action was brought to recover partnership money which it was alleged had been used by a partner in the discharge of his individual debt. The parties appear here in reverse order to their appearance in the trial court. For sake of convenience we will refer to them as they appeared below.

The record shows that B. D. Pewthers had been in the employ of the defendant for a number of years and was indebted to it in the sum of $897 when he informed defendant he was quitting its employ and going into business on his own account; that upon receipt of this information the defendant sent its general manager to see Pewthers and to demand payment of the amount which he owed defendant; that Pewthers at that time informed defendant's manager that he had formed a partnership with the plaintiff, who was furnishing the capital for the new firm, and that thereupon Pewthers drew a firm check in payment of his individual obligation to the defendant and that the defendant received the money on this check.

It was the contention of the defendant that plaintiff was not a partner with Pewthers, and that if he was, he had authorized the giving of the check in question, and that if he did not do so, he had thereafter with full knowledge of all the facts ratified the transaction. Trial was had to a jury. The evidence relative to the formation of the partnership was in conflict. The jury returned a verdict in favor of plaintiff. Motion for new trial was overruled, and the defendant has perfected this appeal.

As grounds for reversal the defendant makes four contentions. The first contention advanced is, in substance, that the proof of plaintiff was insufficient to show that he was a partner with Pewthers, and that therefore the demurrer of the defendant to the evidence of the plaintiff and the motion of defendant for a directed verdict should have been sustained. The contention so made appears to rest upon the fact that there were some discrepancies in plaintiff's testimony with respect to whether he and Pewthers had intended a partnership inter sese. There was evidence introduced, however, which tended to show that Pewthers had printed stationery for the new firm on which it was shown that the plaintiff was one of the partners; and that Pewthers had told the manager of the defendant prior to the giving of the check in question that the plaintiff was his partner. This evidence was sufficient to make the question of whether a partnership existed or not one for the determination of the jury. As said in McCoy v. First Nat. Bank of Cleveland, 123 Okla. 170, 252 P. 404:

"The existence or nonexistence of a partnership is a question of fact for a determination by the jury if the evidence presents disputed questions of fact."

There was no error in overruling defendant's demurrer to the evidence of the plaintiff and in denying the motion for directed verdict. See Helmerick & Payne v. Green, 183 Okla. 164, 80 P. 2d 573.

The next contention of the defendant assumes that the evidence was uncontradicted and established as a matter of law that the plaintiff was not a partner with Pewthers, and that therefore the court erred in refusng to give an instruction requested by the defendant. Since, however, we have held to the contrary, supra, this contention needs no further discussion.

Defendant next contends, in substance, that when the evidence, taken as a whole, is considered, it shows that the plaintiff ratified the act of B. D. Pewthers in giving the check in payment of his individual debt. Under this contention we are requested, in effect, to weigh the

evidence and to determine where the preponderance thereof lies. That this court will not do so needs no citation of authority.

The final contention of defendant is that the court erred in giving instruction No. 4, which reads as follows:

"You are further instructed that although you may find that a partnership did exist between the above named parties, yet, if you find and believe from the evidence in this case that after said check was written and presented to the First National Bank of Pauls Valley, Okla., for payment that it was called to the attention of the plaintiff, J. I. Huckaby, that there was not sufficient funds in said bank with which to pay said check, and that the said J. I. Huckaby knew the purpose for which said check was given and that it was intended to pay a personal obligation of the said D. B. Pewthers, and that the said J. I. Huckaby then directed and authorized the bank to pay said check, then in that event the plaintiff, J. I. Huckaby, would ratify the act of the said D. B. Pewthers in giving said check, and your verdict should be for the defendant herein."

The vice complained of in the foregoing instruction is that it failed to submit to the jury any question of implied ratification. The instruction so given is vulnerable in this respect. (Fant v. Campbell, 8 Okla. 856, 58 P. 741.) However, after a review of the entire record, we are unable to say that the error is one which resulted in a miscarriage of justice or which violates any substantial constitutional or statutory right of the defendant. Under these circumstances, the error should be deemed harmless. (Section 3206, O. S. 1931, 22 Okla. St. Ann. § 1068.) The defendant has judgment against B. D. Pewthers and should look to him for its money. It is seeking by this appeal to retain that to which it is not entitled. This court will not lend its assistance thereto.

Judgment affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, HURST, and DAVISON, JJ., concur.