Homer **JOHNSON**, Plaintiff in Error,

v.

The **PLASTEX COMPANY**, a division of Vistron Corporation, a corporation, Defendant in Error.

No. 43934.

Court of Appeals of Oklahoma, Division No. 2.

Dec. 6, 1971.

Certiorari Denied July 25, 1972.

Released by the Supreme Court for Official Publication Aug. 7, 1972.

Meacham, Meacham & Meacham, Clinton, for plaintiff in error.

John W. Donley, Weatherford, for defendant in error.

BACON, Judge.

Plaintiff in error, Homer Johnson, was defendant in the trial court and appeals an adverse jury verdict in favor of plaintiff below, The Plastex Company, a division of Vistron Corporation, a corporation. The parties will be referred to as they appeared in the trial court.

The record shows plaintiff sold "goods, wares and merchandise" to a "Central Pump and Supply Company" of Clinton, Oklahoma, between March 27, 1967 and October 23, 1967, invoicing for the sum of $9,968.91. After receiving about $2,500 in payments, a balance of $7,598.78 remained unpaid. Plaintiff filed suit for the balance, naming "Homer Johnson and Monte Bunch, d/b/a Central Pump and Supply Company, a Partnership" as defendants. Service was had upon Johnson but not on Bunch who was in Amarillo, Texas. Defendant Johnson filed a verified denial and the cause proceeded to trial by jury which resulted in a judgment for plaintiff for the unpaid balance. Defendant appeals asserting two propositions of error.

Defendant's first proposition reads:

"There is no evidence to support the verdict and judgment."

The argument advanced by defendant under this proposition is, in substance, that plaintiff's proof was insufficient to show defendant was a partner and thus liable with Bunch for the debts created. It is undisputed that defendant later incorporated "Central Pump and Supply" on November 10, 1967, and owned fifty-one per cent of the stock.

Whether or not a partnership existed under the evidence was properly a question for the jury to determine. Carey, Lombard, Young & Co. v. Huckaby, 186 Okl. 685, 100 P.2d 894 (1940).

In reviewing the evidence in a case as the one before us if there is sufficient evidence to support the judgment, that judgment will be affirmed, and we will not weigh the evidence. Here, we find there is sufficient evidence in the record to support a finding that defendant was a partner in "Central Pump and Supply" during the period the items were sold by plaintiff. Title 54 O.S.1961 § 206 con-

tains the definition of a partnership, and reads:

"(1) A partnership is an association of two or more persons to carry on as co-owners a business for profit."

The trial court, among other things, instructed the jury in Instruction No. 6 as follows:

"One of the issues in this case is whether Homer Johnson and Monte Bunch were at the time involved in this case partners.

"Persons who join together or agree to join together in a business or venture for a common benefit each contributing property, money or services to the business or venture having a community of interest in any profits, are partners."

We find Instruction No. 6 adequately apprises the jury of the definition of partnership.

We further find there is sufficient evidence in the record to support a finding by the jury that a partnership existed all during the time plaintiff shipped the items from March 27, 1967, until October 23, 1967. The evidence shows a bank signature card for "Central Pump and Supply" dated March 3, 1967, which carried defendant's signature along with Bunch's, even though defendant urges he did not sign the card until June of 1967. The evidence further shows that "Central Pump and Supply" was housed on property owned by defendant and that defendant loaned Bunch $8,000 in June of 1967 without requiring any collateral for the "loan." There is a letter requesting credit addressed to plaintiff signed by both defendant and Bunch, dated June 20, 1967, with a financial statement attached showing defendant's assets and liabilities. A "Security Agreement" to a bank dated June 20, 1967, and showing the debtors to be "H. F. Johnson d/b/a Central Pump and Supply" was signed by defendant only, as were later security agreements. We find this and other evidence in the record sufficient to support the judgment of the trial court.

The fact plaintiff may have sold goods to a partnership in ignorance of the existence of a "silent" partner will not prevent recovery for the goods sold. Mapel v. Long-Bell Lumber Co., 103 Okl. 249, 229 P. 793 (1924). The fact plaintiff was unaware of some of the above-listed transactions has no bearing on the case, and defendant's argument to this effect is without merit. It would be rather awkward in the business world if a seller, to assure himself of payment, had to inquire as to who all owned or had an interest in the purchase aside from a party making the actual purchase.

Defendant's second proposition of error reads:

"The court erred in giving Instructions Nos. 1, 4 and 6."

Defendant complains of a portion of Instruction No. 1 and all of No. 4, which read as follows:

"No. 1 (GIVEN AT THE BEGINNING OF THE TRIAL)

.    .    .    .    .    .

"When you determine the facts that you believe to be more probably true than not true you will then determine the verdict you must render under the instructions that will apply the law to the facts so determined. . . ."

"No. 4 MEANING OF BURDEN OF PROOF

"In a civil case in court, such as this one, there are requirements as to which party is required to prove to you certain things. This is referred to as 'burden of proof.'

"When I say the party has the burden of proof on any proposition, or use the expression 'if you find,' or 'if you decide,' I mean you must be persuaded, considering all the evidence in the case, that the proposition on which such party has the burden of proof is more probably true than not true."

Defendant argues "these instructions represent a departure from the traditional and time-honored requirement that a litigant

who has the burden of proof must prove his contentions by a preponderance of the evidence." We agree such instructions were a departure from those traditionally given in Oklahoma. However, we cannot agree with defendant that there is a "traditional and time-honored requirement" that a court must use the exact wording "by a preponderance of the evidence," or any other stereotype language. It is not only traditional but also a law in Oklahoma that a court may choose its own language and form when instructing a jury, providing it correctly states the principles of law in language and form so persons of ordinary understanding can comprehend the full meaning thereof. Campbell v. Breece, 134 Okl. 266, 274 P. 1085 (1928). Instructions by their very nature are communications between the court and the jury, oftentimes containing language, thoughts and principles foreign to the jurors. It would therefore follow that the simpler the language used, the easier it would be for the jurors to understand and follow the instructions. In the present case, the trial judge was obviously attempting to accomplish this very task and we believe he succeeded. He communicated with the jury in language that was not only understandable to them, but also correctly stated the law. One wonders what the various expressions found on the faces of jurors mean when listening to that portion of the instructions wherein language is found using such legalistic terms as "preponderance of the evidence." Even when lawyers are asked what is meant by the phrase "preponderance of the evidence," one does not receive identical answers. However, if there is a general consensus among lawyers, it would probably be that "preponderance of the evidence" means "more probably true than not true," which is the exact language used by the trial court in the present case.

In reviewing instructions the Supreme Court of Oklahoma in Cramer v. Osteopathic Hospital Founders Association, Inc., Okl., 383 P.2d 218 (1963), quoting from Commonwealth Life Insurance Company v. Gay, Okl., 365 P.2d 149, 153, said:

". . . The salient test of reversible error in instructions is whether the jury was misled to the extent of rendering a different verdict than it would have rendered, if the alleged errors had not occurred."

Black's Law Dictionary (4th Ed.) defines "preponderance" as:

"Greater weight of evidence, or evidence which is more credible and convincing to the mind. . . . That which best accords with reason and probability. . ."

In Peyton v. McCaslin, Okl., 417 P.2d 316 (1966), the Supreme Court of Oklahoma said:

". . . As the well-known axiom states, the preponderance of the evidence does not mean the greater number of witnesses testifying to a fact, but means that which, to the mind of the trier of the fact, or the seeker of the truth, seems most convincing and more probably true."

In the present case defendant argues that the instructions do "not make it clear to the jury that in the event the plaintiff fails to prove its contentions that in that event judgment should be rendered for the defendant." We do not agree with defendant's argument. The trial court made it very clear to the jury that they could render judgment for defendant if plaintiff failed "to prove its contentions" when the trial court gave Instruction No. 5, which reads in part as follows:

"No. 5 BURDEN OF PROOF ON THE ISSUES.

"The plaintiff has the burden of proving each of the following propositions: First: That there is now an amount due . . . by Central Pump and Supply Company; Second: That at the time the indebtedness was incurred the defendant, Homer Johnson, was a partner with Monte Bunch and doing business as Central Pump and Supply Company.

"If you find from your consideration of all the evidence that each of these propositions has been proved, then your verdict

should be for the plaintiff. *If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved, then your verdict should be for the defendant.*" [emphasis ours]

We therefore hold that the trial court not only correctly stated the principles of law, but he did so in language and form that persons of ordinary understanding could comprehend. It therefore follows the jury could not have been misled by the instructions to the extent of rendering a different verdict. Thus, the "salient test of reversible error in instruction" under Cramer, supra, has been passed.

Defendant's argument under his second proposition of error, that the trial court erred in giving Instructions No. 1 and No. 4 is therefore without merit. The remaining portion of defendant's second proposition of error, as it relates to Instruction No. 6, has been answered in the discussion of the foregoing two propositions of error and merits no further discussion. Having found that the trial court properly instructed the jury on the applicable principles of law, no error was committed in refusing defendant's requested instructions.

Judgment affirmed.

BRIGHTMIRE, P. J., and NEPTUNE, J., concur.